James A. Roe, Jr., J.
This is a motion by the fourth-party defendant for summary judgment dismissing the fourth-party complaint.
The plaintiff allegedly was injured by a defective nail he purchased from the defendant, City Line Lumber Co., Inc. (City Line). He further alleges that the nail was manufactured by the defendant Norman Jerome Zinman (Zinman) or one of his licensees. He sets forth two causes of action against City Line, one for breach of warranty and one for negligence. He sets forth one cause of action for negligence against Zinman.
City Line impleaded Building Materials Distributors, Inc. (Building Materials) alleging that the latter was a distributor of nails and that it had sold certain nails to the third-party plaintiff. One cause of action for breach of warranty and another for active negligence is asserted. Building Materials cross-claimed against Zinman for breach of warranty alleging that the latter was the distributor from which it had purchased the nails. Building Materials also impleaded the fourth-party defendant and it is the complaint against that defendant which is now before the court.
Building Materials alleges that the fourth-party defendant Nissho American Corporation (Nissho American) “manufactured, sold and distributed the aforesaid nails to jobbers, wholesalers and retailers of whom the fourth-party plaintiff was one and the fourth-party defendant represented to said jobbers, wholesalers and retailers that said nails were of marketable quality and fit for the use intended.”
The first cause of action is for breach of an implied warranty of marketable quality and for negligence; the second is for active negligence and the third is for breach of express warranty.
It appears from the affidavits in support of the motion that the nails were manufactured by the Amagasaki Nail Works, Ltd., Amagasaki, Hyogo, Japan. They were sold by the manufacturer to the Nissho Co., Ltd., of Osaka, Japan, which resold *844 them to the fourth-party defendant. The latter sold the nails to Zinman. It had no dealings whatsoever with Building Materials. The nails were boxed in Japan in a box designed by Zinman and were drop-shipped directly to him. The box contains the inscription:
“NAILS UNLIMITED ONE POUND NET MEED. IN JAPAN FOB WILMOD CO. NYU ”
Wilmod Co. is Zinman’s trade name. Nowhere on the box does the fourth-party defendant’s name appear nor does the box contain any warranties or representations by the fourth-party defendant.
The “fourth-party plaintiff offers no evidence in opposition to this motion other than the conclusory statement that the facts are exclusively within the knowledge of the moving party. It offers no evidence showing this to be the case. (See McGuinness v. MVAIC, 18 A D 2d 1100.)
It may be true that the Court of Appeals 1 ‘ has dispensed, without qualification, with the court-made traditional requirement of privity” (Williams v. Union Carbide Corp., 17 A D 2d 661, 662) in actions for breach of warranty. It is not yet the law, however, that one distributor may maintain an action for breach of express or implied warranty against another distributor not in privity with the first who neither manufactured the article in question nor advertised it nor made any representations whatsoever with respect to it, nor even marked it with his name or trade-mark. Moreover, there is no reason to hold that justice requires such a rule.
Since there is no issue of fact summary judgment is granted the fourth-party defendant on the causes of action based on breach of warranty.
■Summary judgment is also granted on the cause of action based on negligence. No facts are alleged in the fourth-party complaint, nor is any evidence offered in the affidavit in opposition to the motion to show any negligence on the part of the fourth-party defendant. In addition, the second cause of action must fail since the fourth-party plaintiff cannot be held liable to the third-party plaintiff unless the former is held to be actively negligent. In that case a claim over would not lie. The motion is granted in all respects.