Daniel G-. Albert, J.
The third-party defendant moves to dismiss the complaint against it on the ground that the cause of action stated therein is barred by the applicable six-year Statute of Limitations for breach of warranty claims, and the motion is granted in all respects.
The original action, commenced in 1967, was based upon an injury which the plaintiff suffered on January 24, 1962 because of an allegedly defective nail, manufactured by a Japanese company, sold to the movant herein, distributed to the third-party plaintiff wholesaler, and ultimately sold to plaintiff by the retailer, the last three of which were made defendants in the original action. The third-party plaintiff served a cross claim against the third-party defendant in the original action, but such service was ineffective to acquire jurisdiction over the movant, because it had not answered or appeared and the cross claim was not served as a summons in accordance with the provisions of subdivision (a) of CPLR 3012 and article 3 thereof. Ultimately the complaint against the distributor, the third-party defendant herein, was dismissed, and consequently it was properly dropped as a party to the action, since no claims were outstanding against it therein. ‘1 While an answer containing a *194 cross-claim is served on the plaintiff and on a codefendant who has appeared pursuant to CPLR 2103, whether or not the cross-claim is against him, the answer must be served under Article 3 [as a summons] on a codefendant against whom the cross-claim is asserted if he has not appeared ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3012.05).
The third-party plaintiff herein recognized this principle when, in response to the third-party defendant’s return of the original cross claim on October 23, 1967, the third-party plaintiff acknowledged in writing that, “ Of course, if you have not yet served an answer in this particuler action, there would be nothing for you to do with respect to answering the cross-claim.” In reply thereto, again returning the cross claim, the moving party asserted that ‘1 if the motion [to dismiss] be granted, Nissho would be out of the action.” That conclusion was a proper one; the motion to dismiss was later made and granted, and Nissho, the moving party here, was ‘ ‘ out of the action.”
Since there is no valid cross claim pending against Nissho, I must now determine whether the third-party complaint, served on the movant on April 28, 1972, alleging breach of warranty in regard to the sale of the nail in question prior to January 24, 1962, is barred by the Statute of Limitations or is in actuality a claim for indemnity which has not yet accrued, but which the third-party plaintiff may impose by virtue of CPLR 1007.
Clearly, more than 10 years have elapsed since the sale and the resulting accident in question, and, if the claim asserted herein is one for breach of warranty, it is barred by the applicable six-year Statute of Limitations (CPLR 213).
The third-party complaint states the nature of the transactions between the third-party plaintiff, the United States wholesaler, and the third-party defendant, the Japanese-American distributor, and concludes that the latter ‘ ‘ will be wholely [sic] liable over to this defendant and third-party plaintiff Wilmod for the amount of any verdict or judgment which may be recovered by the plaintiff against the defendant third-party defendant [sic] Wilmod in this action.” While this resembles a claim for indemnity, the complaint must be further examined in order to ascertain the true nature of the cause of action stated. It reads in pertinent part as follows: “ 6. That heretofore, the plaintiff began an action in this court to recover damages for personal injuries alleged to have been sustained by the plaintiff as set forth in the complaint, to the contents of which this defendant third-party plaintiff begs leave to refer to upon the *195 trial of this action as if the same was set forth more particularly at length.
‘ ‘ 7. The plaintiff alleges in substance in the complaint that prior to the 24th day of January, 1962, he purchased certain nails from the defendant maceóse lumber & trim go., inc., and/ or defendant maceóse industries inc. That while using said nails on the 24th day of January, 1962, he was caused to sustain personal injuries. It is further alleged in the complaint that the nissho American coep. had sold said nails to wilmod company, inc., who in turn sold them to defendant maceóse LUMBER & TRIM CO., INC, and/or MACEOSE INDUSTRIES INC., who in turn sold them to the plaintiff. The plaintiff further alleges in his complaint that the injuries and damages he claimed to have sustained were due to an alleged breach of expressed and/ or implied warranties.
‘ ‘ 8. That prior to the 24th day of January, 1962, the third-party defendant nissho by its agents, servants or employees sold and delivered a certain quantity of masonry nails — hardened steel and that said third-party defendant, its agents, servants or employees had notice of the use for which said nails were intended.
“ 9. That at all times hereinafter mentioned, the third-party defendant nissho, its agents, servants or employees knew or should have known that the masonry nails sold and delivered to defendant third-party plaintiff wilmod were for the purpose of resale to the general public.
“ 10. That the nails referred to in the plaintiff’s complaint were from the same group as those which were sold to the defendant third-party plaintiff wilmod by the third-party defendant nissho and said nails were in exactly the same state and condition as that sold by the third-party defendant nissho.
‘‘11. That at the time of the sale and delivery of the aforementioned masonry nails — hardened steel to the defendant third-party plaintiff wilmod, the said third-party defendant, its agents, servants or employees warranted expressly or impliedly that the said nails were of good and merchantable quality suitable and fit for the purpose and use in concrete intended.
“ 12. That if any verdict or judgment is recovered in this action by the plaintiff against the defendant and third-party plaintiff nissho [sic], that said verdict or judgment will have been brought about solely by reason of a breach of express or implied warranties by the third-party defendant, nissho, in that said nails were not of good and merchantable quality and not suitable and fit for the purpose and use in concrete intended and *196 through no breach of warranty express or implied by the defendant and third-party plaintiff wilmod.’’ (Emphasis added.)
A scrutiny of the language used reveals that the single cause of action claimed is based upon breach of warranty: if any verdict is recovered by plaintiff against the defendant it 1‘ will have been brought about solely by reason of a breach of express or implied warranties by the third-party defendant, hissho, in that said nails were not of good and merchantable quality and not suitable and fit for the purpose and use in concrete intended.” Indeed, a cause of action for breach of warranty could not have been pleaded more articulately. It does not, however, state a claim for indemnity, since one who has breached a warranty does not necessarily, by that very act, become an indemnitor of the one who is initially answerable in damages. And it should here be noted that despite contrary assertions in the above-quoted complaint, it has already been determined in this case that the third-party defendant is not the manufacturer of the nails in question but rather the distributor . thereof. In his decision granting its motion to dismiss plaintiff’s complaint against it, Mr. Justice Fablet stated: “ The movant did not manufacture, advertise, or make any representations concerning the quality of the nails or their fitness .for the use for which they were intended” [citing the similar cases of Schwarts v. Macrose Lbr. & Trim Co., 50 Misc 2d 547, revd. on other grounds 29 A D 2d 781, affd. 24 N Y 2d 856, and Vulpis v. City Line Lbr. Co., 39 Misc 2d 842, affd. 19 A D 2d 947]. (Wegorseivshi v. Macrose Lbr. & Trim Co., N. Y. L. J., Jan. 10, 1968, p. 21 col. 4.)
This identical situation was presented in Liberty Mut. Ins. Co. v. Sheila-Lynn, 185 Misc. 689, affd. without opn. 270 App. Div. 835, mot. for lv. to app. den. 270 App. Div. 893. Therein Mr. Justice Shieetag wrote for the majority of the court:
‘ ‘ If the manufacturer is considered to be in the position of an indemnitor, it may logically be argued that the cause of action against him does not arise until the party, in whose favor the indemnity operates, has had his liability established by judgment or makes payment of damages to a third person. Plausible though this theory may be, I have been unable to find any authority that supports it. Indeed, there is an indication to the contrary in Muller against Eno (14 N. Y. 597, 604). It is true that the manufacturer may be required to make good to the retailer the damages which the retailer has paid to its customer; but the decisions uniformly base this liability on breach of warranty and include the item of damage as consequential and foreseeable when the warranty was given. (Passin *197 ger v. Thorburn, 34 N. Y. 634, 639; McSpedon v. Kunz, 271 N. Y. 131; Wolstenholme, Aplnt., v. Randall, Inc., 295 Pa. 131, 136; 5 Williston on Contracts [Rev. ed.], § 1355.)
“ The Personal Property Law in the article containing the Uniform Sales Act [article 5] [now the Uniform Commercial Code] purports to define the rights of buyer and seller one against the other, upon a sale of goods. It establishes certain implied warranties inhering in the transaction unless a contrary intention is expressed. Apart from the Statute of Limitations, the implied warranties so established are adequate to protect the buyer’s rights. It would be a considerable innovation to add to those rights an obligation to indemnify against loss through payment of damages to third parties.” (185 Misc. 689, 691-692, supra).
That decision succinctly describes the state of the law that exists today, and this court perceives no convincing reason nor any unconscionable result which would compel it to disregard such precedent. (See City & County Sav. Bank v. Kramer & Sons, 43 Misc 2d 731; see, also, Gutmann & Co. v. Dan River Mills, 30 A D 2d 646 ; see, generally, 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 213.15.)
Accordingly, the six-year Statute of Limitations applies to the claim of the third-party plaintiff’s claim for breach of warranty against the third-party defendant, and since the sale and accident in question occurred more than 10 years prior to the service of summons in this third-party action, such third-party suit must be dismissed. While it is true that our procedural statutes are to be construed liberally in order to afford substantial justice to litigants and in order to expedite court actions through the consolidation of claims based upon the same or related transactions (see, e.g., Norman Co. v. County of Nassau, 63 Misc 2d 965), no such liberal construction can transform the third-party defendant into an indemnitor, especially in light of the charge in the third-party complaint that such defendant’s liability would be based “ solely ” on that party’s “ breach of warranty.” If the third-party plaintiff has a cause of action for indemnity, which it may have, it would certainly not yet be time-barred, but no such claim has been set out in the complaint under scrutiny herein. (C.K.S., Inc. v. Helen Borgenicht Sportswear, 32 A D 2d 650.) The third-party plaintiff has not alleged that the movant had in any way, either expressly or impliedly, agreed to indemnify the third-party plaintiff for any damages which it would have to pay as a result of a breach of warranty by the third-party plaintiff, the basis of the original plaintiff’s claim in the underlying action. As a matter of *198 fact, the third-party complaint asserts that the third-party defendant is liable over to it because of the breach of warranty by the third-party defendant, “ and through no breach of warranty express or implied by the defendant and third-party plaintiff Wilmod. ’ ’ If there has been no breach by Wilmod, it cannot be liable to the plaintiff, and consequently its third-party complaint fails to state a claim upon which relief could be granted. (Scivetti v. Niagara Mohawk Power Corp., 33 A D 2d 884; see, also, Gutmann & Co. v. Dan River Mills, 30 A D 2d 646, supra, where the complaint was susceptible of being read as sounding either in indemnity or in breach of warranty. No such dual interpretation can be made in regard to the third-party complaint herein.)
For all the above reasons the motion by the third-party defendant to dismiss the third-party action is granted.