## CIRCUIT COURT OF FAIRFAX COUNTY

J. E. Jacobs & Assocs., Inc.

v.

Louis E. Shomette et al.

July 27, 1989

Case No. (Chancery) 106781

By JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on complainant, J. E. Jacobs & Associates, Inc. (Jacobs) motion for leave to amend its bill of complaint in the above-styled case and on defendants, Louis E. Shomette, Sr., Thelma L. Shomette, and Louis E. Shomette, Jr. (the Shomettes) objection thereto. The case arises out of an alleged agreement between Jacobs and the Shomettes. Jacobs alleges that in late summer or early autumn of 1986, an agent of the Shomettes orally promised to sell a parcel of real property to Jacobs in return for $10,000.00 per acre and services to be performed by Jacobs. Jacobs alleges that although it performed all the work required, the Shomettes refused to sell the property.

In November, 1987, Jacobs filed a memorandum of mechanic's lien on the property and filed a bill of complaint to enforce the lien in May, 1988. The complaint was not served on the Shomettes, however, until almost two years after the memorandum of mechanic's lien was filed. Jacobs now moves to amend the complaint under Rule 1:8 of the Rules of the Supreme Court of Virginia, to add claims against the Shomettes for specific performance of an oral contract to sell the land or for money damages

for breach of that contract. The Shomettes oppose Jacobs's motion.

The court heard arguments on these motions on July 7, 1989, and reviewed the memoranda submitted by counsel. For the following reasons, the Court overrules Jacobs's motion.

Jacobs argues that interests of judicial economy would best be served by allowing it to amend because the new claims arise from the same set of operative facts; thus, Jacobs contends that the claims should be adjudicated in one proceeding. Furthermore, Jacobs argues that it should be allowed to amend because the lack of any discovery since the suit was filed shows that the Shomettes would suffer no prejudice if the suit were amended.

The Shomettes argue that Rule 1:8 does not apply when a party seeks to amend to state new causes of action. Admittedly, Jacobs has alleged that all his actions were based on the Shomettes' promise to sell the property in dispute and would, thus, be germane to those originally raised. Although adding claims arising from the same transaction may not be regarded as amending the complaint to state new causes of action, *Dillow v. Stafford*, 181 Va. 483, 488 (1943) (citing *New River Mineral Company v. Painter*, 100 Va. 507 (1902)), in the circumstances of this case, the amended claims should not be pleaded in the same complaint. An action to enforce a mechanic's lien differs greatly from an action seeking specific performance of a contract to sell land; the litigation of each claim may depend on vastly differing legal theories and evidence. Furthermore, a mechanic's lien is a statutory creature with set limits and requirements. Specific performance, on the other hand, is a creature of equity; its resolution would be governed by far different principles.

Alternately, the Shomettes argue that they would indeed suffer prejudice if the complaint were amended because if the new claims were to relate back to the date when the suit was initially filed, the Shomettes would not be able to argue that laches barred the new claim for specific performance.

The Court agrees that Jacobs has failed to show that the Shomettes would not be prejudiced if leave to amend were granted. The litigation is in the earliest stages but only because the complaint was not served

until almost two years after the memorandum of mechanic's lien was filed. Moreover, the Shomettes would suffer prejudice if the amendment would prevent the Shomettes from defending on the ground of laches. This Court does not decide whether the Shomettes can establish laches on the facts presented here, but if laches bars Jacobs's claim for specific performance, then allowing Jacobs to relate that claim back to the time of the first filing would impact on that defense. The rights of the parties would thus be substantively affected by the amendment. Courts should not allow amendments in such instances. *See, e.g., Jacobson v. Southern Biscuit Co.,* 198 Va. 813, 816-817 (1957).

Finally, in Chancery No. 111677, Jacobs filed an action which encompasses the amended claims. If the new claims should be tried with the original ones, then judicial economy would be equally served by consolidating the two cases for trial or discovery. The Court is prepared to entertain a motion on that issue at a later date.

For these reasons, the motion for leave to amend the bill of complaint is denied.