## CIRCUIT COURT OF THE CITY OF NORFOLK

Gerald A. Sharrow

v.

Shawn LePage

August 9, 1989

Case No. (Law) L88-2822

## By JUDGE LYDIA CALVERT TAYLOR

Plaintiff filed his original motion for judgment on September 8, 1986, alleging negligent, careless, and reckless operation of a motor vehicle by the defendant resulting in injury to the plaintiff in an accident that occurred on September 27, 1986. That motion for judgment asked $100,000 in compensatory damages. On April 3, 1989, the plaintiff filed an amended motion for judgment, which filing was allowed over defendant's objection, by order of Judge Leonard B. Sachs of this court, dated July 6, 1989. The amended motion for judgment, which added a count asking for punitive damages of $125,000, alleged "gross carelessness, recklessness, and negligence," based on the fact that the defendant was allegedly intoxicated and thereby showed willful disregard for the safety of the plaintiff.

Defendant on July 13, 1989, filed a motion to dismiss the portion, or count, of the amended motion for judgment that requested punitive damages, claiming the punitive damages count was barred by the two-year statute of limita-

tions for personal injuries in Virginia. That motion was heard by this court on August 1, 1989.

The issues raised by the defendant's motion are (1) was the request for punitive damages in the amended motion for judgment filed after the applicable statute of limitations would have normally expired on that cause of action, and (2) if it was, did the punitive damage claim nevertheless survive because it related back to the original motion for judgment, which was timely filed. Stated differently, did the original motion for judgment for the negligence claim for compensatory damages toll the statute of limitations as to the punitive damage claim as well? The answer to the first issue depends on which statute of limitations is applicable. The answer to the second issue depends on whether the punitive damage action rose out of the same act or occurrence as the compensatory damages action earlier filed.

This court finds that punitive damages are covered by the two-year statute of limitations for actions for personal injuries. Section 8.01-243(A) provides (emphasis supplied):

> Unless otherwise provided in this section or by other statute, *every action* for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.

There is no other section or statute that specifically provides for punitive damages or would be more applicable than this section. Thus, punitive damages are covered by this statute, which by its language applies to "every" action when personal injury is the "gravamen" of the cause of action. *Greeson v. Sherman*, 265 F. Supp. 340 (W.D. Va. 1967).

The Virginia Supreme Court has ruled that the action, whatever its form, is covered by that two-year statute of limitations as long as it is based on damages resulting from personal injury, whether the cause of action sounds in contract or is based on breach of warranty. *Friedman v. Peoples Drug Stores, Inc.*, 208 Va. 700 (1968). In *Friedman*, the plaintiff originally alleged that the defendant negligently failed to fill a prescription of medicine

for the defendant as directed by plaintiff's physician and that plaintiff was injured as a result. When the defendant pleaded the statute of limitations as a bar to that tort action, the defendant moved to amend, stating that plaintiff had inadvertently failed to include in the original motion for judgment facts and allegations as to breach of warranty and breach of contract. The motion to amend was granted. Defendant's amended motion for judgment included two counts, one of breach of warranty and one of breach of contract, both allegedly resulting in injury to the plaintiff from taking the wrong or improper medication.

The defendant again filed a plea of the statute of limitations, which the trial court sustained and the Supreme Court of Virginia upheld. The Supreme Court in *Friedman* stated, "[T]he object of the action and not its form determined which statute of limitations is applicable." *Id.* at 703. The court, thus, found that the two-year statute of limitations for personal injuries applies when a plaintiff seeks relief for personal injuries, even if the action is based on contract or breach of warranty, rather than on tort.

Although the Virginia Supreme Court in *Friedman* specifically said it was not reaching the issue of whether breach of warranty under the Uniform Commercial Code was also covered by that two-year statute of limitations for personal injuries, a Federal Court in Virginia in a diversity action has found that such would apply to UCC breach of warranty actions. *Tyler v. Railroad St. & Company*, 322 F. Supp. 541 (E.D. Va. 1971). The two-year statute has even been held to apply to civil rights actions brought under 42 USC § 1983. *Cramer v. Crutchfield*, 496 F. Supp. 949 (E.D. Va. 1980), Aff'd, 648 F.2d 943 (4th Cir. 1981).

In addition, the cause of action for punitive damages accrued at the same time as it did for the compensatory damages--at the time of the injury, September 27, 1986. Thus, applying the two-year Virginia statute for personal injuries, the cause of action for punitive damages expired before the Amended Motion for Judgment was filed on July 6, 1989, unless the original filing for compensatory damages tolled the statute for the punitive damages claim as well. The answer depends on two factors: whether the suit is between the same parties -- as is clearly the case here

-- and whether it is for the same subject matter. See *Spotswood v. Dandridge*, 14 Va. (4 Hen. & M.) 139 (1809); *Brunswick Land Development Corporation v. Parkinson*, 153 Va. 603 (1930); *City National Bank v. Fidelity Mutual Life Insurance Company*, 110 F. Supp. 510 (N.D. W.Va.), *aff'd*, 206 F.2d 531 (4th Cir. 1953). An action is commenced by filing a motion for judgment for money damages only in a court of record. That filing tolls the statute of limitations as to all actions for the same subject matter between the same parties. 12A Michie's Jurisprudence, *Limitation of Actions*, § 38 at 326.

The issue then narrows to whether a claim for punitive damages, between the same parties and arising out of the same automobile accident as a claim for compensatory damages, is an action for "the same subject matter." It is both an increase in the amount of money sought as well as based on somewhat different facts. Had it been merely an amendment increasing the *ad damnum* sought in the complaint, it would clearly be an amendment that related back to and was tolled by the original complaint for the lesser amount. *Bentley v. Standard Fire Insurance Company*, 40 W. Va. 729 (1895). If an amendment to a suit is allowed and grows out of the same subject matter as the original suit, it has the same effect as if it were filed in the amended form at the beginning of the suit. Therefore, if the cause of action as stated in the amended suit would not have been barred at the time the original suit was filed, it will not be treated as barred at the time of the amendment. *Morrison v. Householder*, 79 Va. 627 (1884).

Plaintiff cites the court to the case of *Wall v. Chesapeake & Ohio Railway*, 339 F.2d 434 (4th Cir. 1964), as an example of an amendment that was allowed to relate back because it left the cause of action in substance the same as, and did not depart from, the original complaint. In *Wall*, the original complaint alleged negligence in the operation of a train: the vehicle in which the plaintiff was a passenger broke through the guardrail on a bridge, fell onto the railroad tracks, and was hit by an oncoming train. The amended complaint, instead of citing simple negligence in the operation of the train, alleged statutory negligence by the railroad in its maintenance of the bridge guardrail and approaches. The court stated that the statutory negligence claim in the amended

complaint charged the railroad with facts so closely related to the accident for which ordinary negligence was charged in the original complaint that those facts could be said to grow out of that occurrence or accident and therefore relate back.

Wall is of little assistance to this court, however. The Fourth Circuit in Wall relied on Federal Rule of Civil Procedure 15(C). *Id.* at 435. That rule provides that, where a claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." That rule specifically allows amendments that merely expand or amplify the cause of action already asserted to relate back to the commencement of the action unaffected by the intervening lapse of time. *Paynter v. Chesapeake & Ohio Ry.*, 60 F.R.D. 153 (W.D. Va. 1973). No similar Virginia statute or rule constituting a saving provision for amendments that relate back to an original motion for judgment are cited; the answer must be found in Virginia case law. Given the express language of the relating-back provision in FRCP 15(C), *Wall* is not persuasive authority under Virginia law.

The general Virginia case law on the subject is that, where the amendment sets up no new cause and makes no new demand on the defendant, but simply varies or expands the allegations set out in the old cause of action, the statute of limitation will be tolled by the original action. However, an amendment that introduces a new or different cause of action and makes a new or different demand does not relate back but is equivalent to a fresh suit or a new cause, and the statute continues run until the amendment is filed. 12A Michie's Jurisprudence, *Limitation of Action*, § 38 at 327 (*citing Irving v. Barret*, 119 Va. 587 (1916), and *Carpenter v. Meredith*, 122 Va. 446 (1918)).

Only a few Virginia cases provide specific examples of when amendments are considered to relate back. In *Branch and Company v. Riverside & Dan River Cotton Mills*, 147 Va. 522 (1927), the court upheld an amendment and found that it related back to the original filing, where the original bill had asked specific performance based on a breach of contract and the amended bill asked for

damages. The court upheld the amendment as relating back to the original because it did not state a new cause of action, but rather added a new remedy for the same cause of action. In *Jackson v. Richmond*, 152 Va. 74 (1929), where the original action alleged injuries to a pedestrian for defective sidewalk, the amendment to the original motion for judgment was allowed to relate back to the original filing, so as not to be time-barred by the statute of limitation, where the plaintiff merely added a factual allegation that had been omitted from the original lawsuit, to-wit, that a notice of injury had been filed with the city, as required by its charter, within the proper time frame. The court pointed out that the amendment did not state a new cause of action, but simply supplied the allegation of a necessary fact that was missing from the same cause of action in the original complaint.

Most instructive of all is *Lorillard Company, Inc. v. Clay*, 127 Va. 734 (1920). Plaintiff filed suit for the loss of an eye while working for the defendant, his employer. Although it is not specified in the case, the original suit was apparently a simple negligence claim for personal injuries. A third count was added, after the date that the statute of limitations would have expired, in which the defendant was also alleged to have been negligent in that the drill that the plaintiff was using, which was supplied by the defendant, was out of repair and too heavy to use with a 1/4-inch bit. The court found that the amendment did not state a new cause of action and thus was not barred by the statute of limitations, stating: "It is very clear that the amendment does not state a new cause of action," but "merely charges negligence already complained of in a varying form to meet different phases of the evidence." *Id.* at 742 (citation omitted).

The court in *Lorillard* added, "If there had been a judgment on the original declaration, it could have been pleaded in bar of the ground of action set up in the amendment, and this is a sufficient test of the character of the amendment." *Id.* Analogously, were the instant suit to have gone to trial as a compensatory damage claim against the defendant by the plaintiff based on the automobile accident, the defendant here could have used a judgment for the defendant as *res judicata-bar* to any subsequent

action by the plaintiff for punitive damages growing out of the same automobile accident.

The court in *Lorillard* went on to say at page 742:

> In *New River Min. Co. v. Painter*, 100 Va. 507, 42 S.E. 300, which has been consistently followed in this court, it is said: "If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement, or obligation, however great may be the difference in the form of liability as contained in the amended from that stated in the original declaration, it will not be regarded as a new cause of action."

It should be noted that in the instant case the punitive damage claim arises out of the same act as the compensatory damage claim. The court in *Lorillard, id.* at 743, went on to explain:

> [T]he amendment of the declaration did not make a new cause of action, and the cause was not barred at the time the original action was instituted.

The defendant argues that punitive damages should be considered a separate claim, and not as arising from the same act, because they serve a different purpose from the purpose served by compensatory damages, citing this court to *Baker v. Marcus*, 201 Va. 905, 908 (1960). However, more instructive is the discussion of the difference between punitive and compensatory damages as set forth in *Harrell v. Woodson*, 233 Va. 117 (1987). The court in *Harrell* pointed out that under the common law system of pleading that was in effect in Virginia before the Rules of Court were adopted, punitive damages were not required to be specifically pled in Virginia because they were considered the natural result of the defendant's act complained of and necessarily flowing from it. *Id.* at 121 (*citing Wood v. American National Bank*, 100 Va. 306, 309-10 (1902)). The court pointed out, however, that the more recent trend was to require that punitive damages be pled specifically

in order to prevent surprise and allow the defendant to respond to and meet the charges lodged against him. This is particularly so because the new rules--adopted after the *Wood* case--do not demand that pleadings state causes of action with the precision required under the common law system of pleading. Thus, the decision was made by the court in *Harrell* to require that punitive damages be specifically pled in order to give notice to the defendant, *id.* at 122, not because punitive damages were considered to be a separate cause of action. Thus, the decision in *Wood*, which was decided before the Rules of Court were adopted in Virginia, still stands for the proposition that punitive damages flow naturally from the act complained of in the claim for compensatory damages.

This court, therefore, finds that the amendment to the original motion for judgment, adding a claim for punitive damages based on the same accident that was the basis of the original motion for judgment for compensatory damages, does not state a new cause of action but rather arises out of the same act as the compensatory damages claim. Thus, the amended motion for judgment relates back to the filing of the original motion for judgment and is not time barred.

During oral arguments on the defendant's motion to dismiss the punitive damages claim based on the statute of limitation, both attorneys presented to the court and argued what appeared to be a Demurrer by the defendant to the new punitive damages claim as not stating a cause of action for punitive damages. The cases cited by the attorneys at the hearing, as well as the copies that both tendered to the court at that hearing, all dealt with what set of facts would be sufficient to allege a cause of action for punitive damages.

However, a perusal of the file by the court shows that defendant's only motion to the court and notice for a hearing on same was a motion to dismiss based on the statute of limitations. Plaintiff's attorney informed the court by telephone that he had not reached an agreement with the defendant for the court to consider such a demurrer to the punitive damages claim at the August 1 hearing. Therefore, this opinion addresses only the motion to dismiss by the defendant based on the statute of limitation. Any demurrer and notice for a hearing by this court on same

should be filed by the defendant well before the September 19, 1989, trial date now set with the court.