## CIRCUIT COURT OF FAIRFAX COUNTY

Chantilly Partners

v.

James A. Federline, Inc., et al.

Case No. (Law) 88489

BY JUDGE THOMAS A. FORTKORT

February 14, 1991

This matter is before the Court on demurrers and pleas in bar filed by defendants, James A. Federline, Inc., Vanguard Plastics, Inc., Shell Oil Company, Hoechst Celanese Corporation, and E. I. DuPont de Nemours & Co., Inc., to Chantilly Partners' second amended motion for judgment. The Court heard oral argument and considered written memoranda.

*DuPont*

Chantilly filed a first amended motion for judgment on September 13, 1989, adding DuPont as a new party defendant. Chantilly alleges causes of action against DuPont, a supplier of a resin used by manufacturers to produce acetal fitting, for (1) negligence, (2) breach of express warranty, (3) breach of implied warranty, (4) breach of implied warranty of merchantability, and (5) Racketeer Influenced and Corrupt Organizations (RICO) violations. DuPont's demurrer and plea in bar to Chantilly's amended motion for judgment is sustained for the following reasons.

Chantilly alleges that DuPont manufactures a resin component of a product which was used by Vanguard to manufacture acetal fittings which allegedly have failed. The Court finds that plaintiff's Count 4 negligence claim fails to state a cause of action against DuPont according to well-settled Virginia law set out in the *Sensenbrenner* case. *Sensenbrenner v. Rust, Orling & Neale,* 236 Va. 419 (1988). There is no privity of contract between DuPont and Chantilly. The relief being sought by Chantilly is for economic injury. Absent privity of contract, there is no action in tort for economic damages under Virginia law.

The second amended motion for judgment, page 5, paragraph 10, alleges . . . exposure to liability for loss of or damage to tenants' personal property. Paragraph 29 alleges . . . hazard to tenants . . . risks of serious bodily harm to employees, tenants and occupants, and . . . two instances where employees were injured as a direct result of defects in the plumbing systems. Chantilly argues that this pleading now alleges that it suffered more than economic loss, so that the demurrer to the negligence claim should be overruled. The Court knows of no theory by which Chantilly can refer to personal injury claims that may have accrued to independent third parties and assert that those injuries are part of its claim.

As to Counts 7, 8, and 9 for breach of warranties, Chantilly fails to state a cause of action against DuPont. Chantilly has not alleged that DuPont made any warranties of the resin product directly to Chantilly. DuPont had a specific exclusion of any warranties of its product to Vanguard. DuPont has filed a plea in bar to Chantilly's warranty claims based on the expiration of the statute of limitations. DuPont is correct in arguing that the warranty counts are barred by the four-year limitation set forth in Va. Code § 8.2-725. This code section provides that a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance and an action for breach of any contract for sale must be commenced within four years after the cause of action accrues. *Also, see Luddeke v. Amana Refrigeration, Inc.,* 239 Va. 203 (1990). The accrual of the statute of limitations begins when the breach occurs. In this case, the breach occurred at the time the system began to experience difficulties, which was allegedly at the time the product was delivered between January, 1984, and May, 1985. The alleged defective product was delivered at the latest on May 31, 1985. Any

claims against DuPont would have to be brought by May of 1989 to avoid the expiration of the statute of limitations. More importantly, because DuPont is a remote manufacturer, not a party to the contract of sale, the three-year statute of limitations provided for in § 8.01-246 of the Va. Code 1950 as amended, applies to them. *See, W. S. Rapp Co. v. Whitlock Equipment Co.*, 222 Va. 80 (1981). Because suit against DuPont was not brought until September 13, 1989, Chantilly's claims are barred by the statute of limitations.

It is the opinion of this Court that Chantilly's RICO claim against DuPont is barred by the statute of limitations. According to the decision reached in *Agency Holding Corp. v. Maley-Duff and Associates, Inc.*, 483 U.S. 143, 107 S. Ct. 2759 (1987), the statute of limitations for RICO claims is four years. This statutory period begins to run when the plaintiff discovers or should have discovered the injury underlying the RICO claim. *See, Pocahontas Supreme Coal Co. v. Bethlehem Steel*, 828 F.2d 211 (4th Cir. 1987). The latest time at which the statute of limitations accrued in this case is May 31, 1985. Because Chantilly did not bring this claim against DuPont until September 13, 1989, it is barred by the statute of limitations.

Plaintiff's Ad Damnum claim for punitive damages is moot in light of the Court's findings that Chantilly has failed to state any cause of action against DuPont, and the expiration of the statute of limitations bars all claims.

*Hoechst Celanese*

Celanese's demurrer to the amended motion for judgment is sustained for the following reasons. Celanese supplied a resin which Vanguard and U.S. Brass used to manufacture acetal fittings which allegedly failed. The *Sensenbrenner* decision bars the negligence claim against Celanese because there is no privity of contract between Celanese and Chantilly, and Chantilly has claimed only an economic loss. Under well-established Virginia law, absent privity of contract, there can be no claim in tort for economic loss. In addition, Chantilly has unsuccessfully attempted to save the negligence claim by claiming third party personal injury claims for which they have no standing.

Chantilly has claimed a breach of express warranty against Celanese in Count 7. Count 8 alleges a breach of warranty of fitness for a particular purpose. Count 9 alleges a breach of implied warranty of merchantability against Celanese.

4

Celanese argues that Counts 7, 8, and 9 are barred by the applicable statute of limitations. According to the holding in *W. S. Rapp Co. v. Whitlock Equipment Co.*, 222 Va. 80, 88-89 (1981), Celanese is a remote manufacturer not having been a party to the contract of sale but a supplier of parts and, as such, is held to a three-year statute of limitations period. Also, the Va. Code § 8.01-246(4) provides for a three-year statute of limitations period for any unwritten contract, expressed or implied. The alleged breach in this case occurred when the plaintiffs first experienced difficulty, sometime between January, 1984, and May, 1985. The warranty claims were not asserted against Celanese until August, 1990, even if they relate back to the filing of the original motion for judgment filed on December 30, 1989, they do not survive the statute of limitations. Chantilly would have had to file causes of action against Celanese no later than May of 1988. Therefore, these claims are barred by the applicable statute of limitations.

Chantilly's (RICO) claim raised against Celanese in Count 10 of the second amended motion for judgment is barred by the statute of limitations for the following reasons. A cause of action under RICO accrues when the plaintiff knows or has reason to know of the injury which underlies the cause of action according to *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211 (4th Cir. 1987). Chantilly alleged the injury occurred "from the outset" of the installation. In this case, Chantilly knew of or had reason to know of the injury no later than May of 1985 when the plumbing system installation was completed. Applying the four-year statute of limitations for RICO claims set forth in *Agency Holding Corp. v. Maley-Duff and Associates, Inc.*, the limitations period expired no later than May of 1989. It is this court's opinion that the RICO claims are new causes of action and therefore do not relate back to the filing of the original motion for judgment. Because Chantilly did not bring this cause of action until August of 1990, it is barred by the statute of limitations.

In addition to this claim failing for untimeliness, Chantilly has not pleaded facts that support the necessary finding under 18 U.S.C. 1962(c) that the defendants are separate from the alleged enterprise. *See, Busby v. Crown Supply, Inc.*, 896 F.2d 833 (4th Cir. 1990), and *Entre Computer Centers, Inc. v. FMG of Kansas City, Inc.*, 819 F.2d 1279 (4th Cir. 1987). Thus, Chantilly fails to state a cause of action for RICO violations against Celanese.

*Shell*

Chantilly alleges causes of action against Shell for (1) negligence, (2) breach of express warranty, (3) breach of implied warranty of fitness for a particular purpose, (4) breach of implied warranty of merchantability, and (5) violations of RICO. Shell has filed a demurrer and plea in bar to these counts.

Shell's demurrer and plea in bar are sustained for the following reasons. As to Count 5 for negligence, Shell is correct in arguing that Chantilly may not recover damages for economic losses based on a negligence theory as previously explained.

Shell has argued that the statute of limitations bars all warranty claims and the RICO claim. As to Counts 7, 8, and 9, Shell is correct in arguing that these warranty claims are barred by the applicable statute of limitations. It is the opinion of this Court that Shell is a remote manufacturer not having been a party to the contract of sale but a supplier of parts. *See, W. S. Rapp Co. v. Whitlock Equipment Co.*, 222 Va. 80 (1981). As a remote manufacturer, Shell is held to a three-year statute of limitations period as set forth in § 8.01-246(4) of the Va. Code. Because the alleged breach in this case occurred no later than May of 1985, Chantilly would have to bring any warranty claims against Shell at least by May of 1988. Because Chantilly did not bring its claim against Shell until December, 1988, they are time barred.    Shell's plea in bar of Chantilly's Count 10 RICO claim due to the expiration of the statute of limitations is sustained for the same reasons explained earlier in *Celanese*. The statute of limitations for RICO claims is four years from the accrual of the cause of action. The cause of action accrues when the plaintiff knew or had reason to know of the injury. Because the injury in this case accrued at the latest in May of 1985, the RICO claim would have had to be brought no later than May of 1989. Because this is a new cause of action not relating back to the original motion for judgment, it is time barred. In addition to being time barred, Chantilly has failed to state a cause of action under 18 U.S.C. § 1962(c) because the defendants are not separate from the alleged enterprise. *See, Busby v. Crown* and *Entre Computer Centers, Inc. v. FMG of Kansas City, Inc., supra.*

*U.S. Brass*

U.S. Brass is being sued as a manufacturer and supplier of the polybutylene pipe and acetal insert fittings. Chantilly alleges claims

against U.S. Brass for (1) negligence, (2) breach of express warranty, (3) breach of warranty of fitness, (4) breach of implied warranty for a particular purpose, (5) breach of implied warranty of merchantability, and (6) violations of RICO.

U.S. Brass's demurrer to Chantilly's negligence claim alleged in their second amended motion for judgment is sustained. The Court finds that Chantilly is claiming solely economic losses and therefore they may not recover damages for economic losses based on a negligence theory absent lack of privity for the reasons set out in the *Sensenbrenner* case. In addition, the Court also finds that Chantilly has in essence unsuccessfully attempted to save its negligence claim by asserting claims of personal injury of third parties for which Chantilly lacks standing.

U.S. Brass's plea in bar is sustained as to Counts 7, 8, and 9 for breach of warranty. For the reasons stated above in *Celanese*, U.S. Brass is a remote manufacturer not in privity of contract with Chantilly and thus is held to a three-year statute of limitations. Therefore, Chantilly's warranty claims are time barred.

U.S. Brass's demurrer to the RICO claim on the basis that it fails to state a cause of action under 18 U.S.C. sect. 1962(c) is also sustained. Chantilly has alleged that the defendants are both "persons" violating § 1962(c) and the "enterprise" and that the "enterprise" is not separate and distinct from the racketeering in which it was allegedly engage. Recent cases hold that an "enterprise" must have a separate identity from the defendant parties and cannot be merely the collection of defendants. The Court in *United States v. Computer Sciences*, 689 F.2d 1181 (4th Cir. 1982), held that Congress intended "enterprise" to refer to a person or entity "different from, not the same as or part of," the "person" whose behavior violates the act. Chantilly states that U.S. Brass is both a defendant, "person," and is also part of the enterprise. Chantilly fails to state a cause of action of RICO violations against U.S. Brass.

## Vanguard

Vanguard is being sued as the manufacturer of acetal fittings. Chantilly alleges causes of action against Vanguard Plastics, Inc., for (1) negligence, (2) breach of express warranty, (3) breach of implied warranty of fitness for a particular purpose, (4) breach of implied warranty of merchantability, and (5) violation of RICO. Chantilly has also requested punitive damages.

Vanguard's demurrer to Chantilly's negligence claim is sustained for the same reasons as stated earlier. It is the opinion of this Court that the decision reached in *Sensenbrenner* bars recovery of economic damages on a theory of negligence where there is no privity of contract. Chantilly has not alleged that privity of contract existed between the plaintiff and Vanguard. In addition, this Court finds that Chantilly lacks standing to assert a claim for any personal injuries allegedly sustained by third parties or property damage allegedly sustained by third parties. In essence, Chantilly has unsuccessfully attempted to save its negligence claims by asserting personal injury of third parties in its second amended motion for judgment.

Vanguard's pleas in bar as to counts 7, 8, and 9 for breach of warranty are sustained. For the same reason stated earlier, Vanguard is a remote manufacturer. According to *Rapp v. Whitlock*, 222 Va. 80 (1981), and Va. Code Section 8.01-246 (1950), as amended, Chantilly's warranty claims are barred by the three-year statute of limitations. The Court sustains Vanguard's plea in bar and demurrer to Chantilly's Count 10 RICO claim. For purposes of brevity, the Court directs attention to the reasoning stated above in *U.S. Brass*. The same reasoning applies to defendant Vanguard.

*Federline*

Pursuant to a construction subcontract executed in August, 1983, between Chantilly and Federline, Federline installed a hot and cold water interior plumbing system from 1984 through May of 1985 in Chantilly's construction project at property known as Shenandoah Crossing in Fairfax, Virginia. This plumbing system has allegedly failed causing substantial economic damage.

Chantilly alleges causes of action against Federline for (1) negligence, (2) breach of express warranty, (3) breach of implied warranty, and (4) breach of implied warranty of merchantability. Federline has filed a plea in bar due to the expiration of the statute of limitations as to Counts 7, 8, and 9 breach of warranty claims. Federline also demurs to the warranty claims on the basis that the essence of the contract was providing plumbing services, that supplying of the materials was incidental, and therefore, there can be no viable claim for breach of warranty.

For the following reasons, Federline's demurrer and please in bar are overruled. The essence of the plea in bar of the statute of limitations is that Chantilly's warranty claims were not asserted until Au-

gust 2, 1990, when Chantilly filed its second amended motion for judgment. Federline argues that the warranty claims are new causes of action and thus do not relate back to the original filing of the motion for judgment in December of 1988. The Court rejects this contention because the original motion for judgment asserted breach of warranty claims against all defendants in its general factual recitation. The plaintiff did not specifically mention a breach of warranty against Federline in its averments against each individual defendant. It was in part for this confusion that the Court sustained the original demurrers. The second amended motion for judgment now clearly enunciates warranty claims that were unartfully set forth in the original motion for judgment. The second amended motion for judgment does relate back to the original claim, and the statute of limitations is not a bar.

It is well established Virginia law that amendments setting forth new causes of action do not relate back to the original filing of the pleading. *See Burks Pleading and Practice* § 235 at 412-413. However, according to the decision reached in *New River Mineral v. Painter*, 100 Va. 507 (1902), Chantilly's warranty claims are not new causes of action. "If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement or obligation, however great may be the difference in the form of liability as contained in the amended from that stated in the original declaration, it will not be regarded as for a new cause of action." *New River Mineral Co. v. Painter*, at 510. *Also, see Sharrow v. LePage*, 16 Va. Cir. 334 (1989), *J. E. Jacobs and Associates v. Shomette*, 17 Va. Cir. 240 (1989), and *Dillow v. Stafford*, 181 Va. 483 (1943).

Federline's demurrer to Chantilly's breach of warranty claims is overruled for the following reasons. Federline argues that there can be no viable claim for breach of warranty because Federline contracted to provide plumbing services and not to supply goods. It is the opinion of this court that in the second amended motion for judgment, Chantilly has pleaded sufficient facts to establish a prima facie case that Federline provided both materials and labor, and to what extent service may be the essence of the contract cannot be determined on demurrer. *See, Gulash v. Stylarama, Inc.*, 364 A.2d 1221 (1975). This issue is a factual matter which must be decided by the trier of fact after considering further evidence.

The Court finds that all of Chantilly's claims for punitive damages are unwarranted. Chantilly has not pleaded the essential elements of intentional or reckless and wanton disregard on the part of the defendants in this case to request punitive damages.

August 2, 1991

This case is before the court on defendants' DuPont, Shell, Celanese, Vanguard, and U.S. Brass demurrers, pleas in bar, motions to dismiss, and motions to sever the cross-claim of Federline. The Court heard oral argument and considered written memoranda. The Court's response to these motions follows. The Court denies all defendants' motions to sever Federline's cross-claim. Judicial economy of time and expense is best served by having all claims arising from this transaction determined together.

*Response to Motions Made by Defendants DuPont, Shell, and Celanese*

Federline seeks "contribution and/or indemnity" against DuPont, Shell, and Celanese to the extent Federline is found liable to plaintiff Chantilly. Federline claims that these defendants breached their implied warranties of merchantability and fitness for a particular purpose and their express warranty of suitability for use in Chantilly's project. DuPont's motion to dismiss is granted and Shell's and Celanese's demurrers are sustained for the following reasons.

Contribution involves the sharing of a loss among joint tortfeasors "when the wrong results from negligence and involves no moral turpitude." *See, Bartlett v. Roberts Recapping, Inc.,* 207 Va. 789, 792-93 (1967). As a general rule, it is essential that a right of action by the plaintiff exist as to the person from whom contribution is sought, before contribution can lie. *See, Virginia Electric & Power Co. v. Wilson,* 221 Va. 979, 981 (1981), and Va. Code Ann. § 8.01-34 (1984 Repl. Vol.). This Court has ruled in the case at bar that based on *Sensenbrenner v. Rust, Orling and Neale,* 236 Va. 419 (1988), Chantilly has no negligence claim against DuPont, Shell, and Celanese. Thus, a right of action for contribution cannot lie as to DuPont, Shell, and Celanese because they are not liable to the plaintiff Chantilly, based on negligence. In addition, this Court ruled that Chantilly's breaches of warranty claims against DuPont, Shell, and Celanese were time barred. Thus, because Chantilly has no cause of

action as to these defendants, Federline can have no cause of action against them based on breach of warranties.

Similarly, Federline does not have a cause of action against Du-Pont, Shell, and Celanese based on indemnity. These defendants correctly argue that the right to non-contractual indemnity arises only when the party from whom liability is sought may be held liable in tort to the original plaintiff. *See, Oman v. Johns-Manville Corp.*, 482 F. Supp. 1060–1068 (E.D. Va. 1980). In addition, the law in some jurisdictions is that a cause of action for indemnity does not accrue until a final judgment is rendered against the indemnitee. *See* 41 Am. Jur. 2d *Indemnity* § 39 (1968).

In Counts I, II, and III of its cross-claim, Federline alleges that DuPont, Shell, and Celanese breached implied warranties of merchantability, fitness for a particular purpose, and express warranties that the plumbing system was suitable for use in the Chantilly project. These claims are barred by the applicable statute of limitations, based on the reasoning of the Court in the case of *W. J. Rapp Co., Inc. v. Whitlock Equipment Corp., et al.*, 222 Va. 80, 88-90 (1981), and §8.01-246(4), Code of Virginia, 1950 as amended. (Providing a three-year period of limitations for actions upon any unwritten contract express or implied.)

DuPont's, Shell's, and Celanese's relationship to Federline is that of a remote manufacturer or supplier of a component part of goods to be manufactured and later sold. As a remote manufacturer or supplier of these component parts, they were not a "party to the contract of sale within the meaning or purview of the Uniform Commercial Code." *Id.* at 88. In this case, DuPont, Shell, and Celanese merely produced a substance (resin) which was used to make polybutylene pipe by defendants Vanguard and U.S. Brass. Therefore, the three-year limitations period applies to all warranty claims against them. Pursuant to this time limitation, the warranty claims expired no later than May 31, 1988; three years from the date of the last delivery and installation of the plumbing system and the project completion. The warranty claims were time barred when Chantilly filed its motion for judgment, and they were also barred before Federline filed its cross-claim in October, 1989.

The express warranty claim would also be governed by the three-year statute of limitations. The cause of action begins to accrue at the time of the breach. *See Rapp* at 87. The breach occurred no later than

May, 1985, when the project was completed. Thus, the express warranty claim accrued no later than May, 1985. Therefore, the three-year period of limitation expired at the latest on May 31, 1988, before Chantilly and Federline brought their claims against DuPont, Shell, and Celanese.

*Response to Motions Made by Vanguard and U.S. Brass .*

Federline also seeks contribution and/or indemnity against defendants Vanguard and U.S. Brass to the extent it may be found liable to the plaintiff. For the same reasoning stated above, Federline does not state a cause of action for contribution and/or indemnity against Vanguard and U.S. Brass. Therefore, these defendant's demurrers are sustained as to this claim.

Federline also claims that Vanguard and U.S. Brass breached their implied warranties of merchantability, fitness for a particular purpose, and their express warranty of suitability for use in Chantilly's project. For the following reasons, Vanguard's and U.S. Brass's demurrers are overruled, and U.S. Brass's plea in bar is denied.

Federline's cross-claim alleges that Vanguard and U.S. Brass are manufacturers of plumbing materials, including a polybutylene piping system and related components which connect sections of the pipe. Vanguard and U.S. Brass argue that they should be characterized as remote manufacturers as they relate to Federline. They argue that the three-year statute of limitations as stated in *W. J. Rapp* and § 8.01-246, Code of Virginia, 1950 as amended, should apply to them.

The Court previously found that Vanguard and U.S. Brass were remote manufacturers *as they related to Chantilly*. However, upon application of the reasoning of *W. J. Rapp,* this court opines that as to Federline, Vanguard and U.S. Brass are not remote manufacturers within the purview of the three-year statute of limitations. The allegation in the cross-claim is that Vanguard and U.S. Brass manufactured finished plumbing pipes and fittings which Federline purchased to install in the Chantilly project. The *Rapp* case applied a test to determine the remoteness of a manufacturer and the subsequent statute of limitations period which governs breach of warranty claims.

The test was whether the manufacturer might reasonably have expected that the purchaser would use and consume or be affected by the equipment manufactured. *See Rapp* at 88. In the case at bar, "Federline," a plumbing contractor, is a "person" Vanguard and

U.S. Brass might reasonably have expected to use the plumbing pipes and fittings it manufactured and sold.

Thus, according to Code § 8.2-725, the claims of breach of warranty are subject to the four-year statute of limitations. Vanguard's and Brass's lack of privity argument as to a contract of sale with Federline is unnecessary. Lack of privity is no defense to an action for breach of warranty against manufacturers or sellers of goods according to code § 8.2-318 as set forth below:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, *although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consumer, or be affected by the goods* . . . . (Emphasis added.)

Because the four-year statute of limitations applies to claims against Vanguard and U.S. Brass, Federline's cross-claims are timely. Federline's claims are saved because they relate back to Chantilly's filing of its original motion for judgment which tolls any statute of limitations with respect to cross-claims. *See* § 8.01-233(B) of the Virginia Code, 1950 as amended.

## December 6, 1991

This case is before the court on the cross-claimant James A. Federline, Inc.'s Motion to Reconsider the Court's ruling of August 2, 1991, and Motion to File an Amended Cross-claim. The Court heard oral argument and considered written memoranda.

For the reasons set forth below, the Motion to Reconsider is granted with respect to cross-defendants Celanese, DuPont, and Shell, and the Court rules that Federline may allege a theory of indemnity based upon breach of warranty against these defendants.

Federline's Motion to determination of the extent of liability of cross-defendants Vanguard Plastics and U.S. Brass is denied. The Court finds that any determination at this time as to the extent of liability of these cross-defendants would be premature; adjudication on the merits of Federline's cross-claim against these defendants will establish their liability, if any. Federline's Motion to File an

Amended Cross-claim is granted, and Federline may amend its cross-claim if it wishes to do so within twenty-one days of this letter date.

## Analysis

Federline's Motion to Reconsider the Court's Memorandum Opinion of August 2, 1991, seeks to preserve Federline's cross-claims against the remote manufacturers Celanese, DuPont, and Shell using the theory of indemnity liability based upon breach of warranty, although the limitations period on the warranty claims against these defendants has expired. The limitations period has also expired on the plaintiff's warranty claims against all defendants except Federline; therefore, Celanese, DuPont, and Shell are not liable to the plaintiff Chantilly Partners.

Federline relies on *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54 (1987), as the authority for its indemnity suit against these cross-defendants; however, *Gemco-Ware* is distinguishable from the present case on two principles that render its reasoning unsuited to the facts presently before the Court.

In *Gemco-Ware*, the plaintiff was burned by boiling water when the handle of a tea kettle separated from the kettle. The plaintiff timely sued the manufacturer/distributor of the kettle (Gemco-Ware) but did not sue the manufacturer of the handle (Rongene) within the limitations period. The Supreme Court permitted Gemco-Ware to cross-claim against Rongene for indemnity based upon Rongene's breach of warranty to the plaintiff, although the limitations period had expired on plaintiff's claim against Rongene.

*Gemco-Ware* does not address the issue presented by the case currently before the Court. In *Chantilly Partners*, the limitations periods of both the plaintiff Chantilly Partners' warranty claims against Celanese, DuPont, and Shell *and* of the cross-claimant Federline's warranty claims against Celanese, DuPont, and Shell have expired. *Gemco-Ware* examines the situation in which only the limitations period of the plaintiff's claims has expired; the case offers no indication of the Supreme Court's view of indemnity when, as in the case before the Court, the limitations period has expired on the underlying warranty claim of the cross-claimant seeking indemnity based upon breach of warranty.

A second condition renders the Court's reasoning in *Gemco-Ware* unsuited to the facts presently before the Court. The Supreme Court

in *Gemco-Ware* found that while Gemco-Ware's cause of action against Rongene accrued when the wrongful act was committed, its right of action would not accrue until it was compelled to pay a judgment to the plaintiff. 234 Va. at 57. The defendant Gemco-Ware would suffer no damage due to Rongene's conduct, and thus its right of action against Rongene would not accrue, until Gemco-Ware discharged the common obligation owed to the plaintiff. Unlike the case presently before the court, Gemco-Ware was not asserting a breach of warranty claim against Rongene; rather, Gemco-Ware was seeking recovery from Rongene because that defendant breached its warranty to the plaintiff. Gemco-Ware's right of action -- its damage because of Rongene's conduct -- would have occurred only when Gemco-Ware was required to pay more than its share of the plaintiff's judgment. No independent cause of action existed against Rongene; therefore, the limitations period did not commence until Gemco suffered damage because of Rongene's breach of warranty to the plaintiff.

In the case presently before the Court, however, Federline's cause of action and right of action against Celanese, DuPont, and Shell accrued simultaneously. Federline suffered damage due to the conduct of these defendants when the defective product was delivered in as late as 1985; the breach of warranty cause of action is provided to plaintiffs, or as in this case, cross-claimants, to redress this injury. This Court determined in its letter opinion of August 2, 1991, however, that Federline's claims for breach of warranty against these defendants are barred by the three-year limitations period.

The Court finds that the holding of the Supreme Court in *Gemco-Ware* is inapplicable to the present case. *Gemco-Ware* addressed only the issue of recovery by a cross-claimant if the plaintiff's limitations period against the cross-defendant had expired. For the cross-claimant seeking contribution in *Gemco-Ware*, its right of action against the cross-defendant did not accrue until it paid a judgment to the plaintiff.

In contrast, the present case demonstrates a situation in which a cross-claimant seeks contribution from cross-defendants, although the limitations periods on the plaintiff's claims and on the cross-claimant's independent claims against these other defendants have expired. Again, in contrast to *Gemco-Ware*, Federline's cause of action and right of action to sue accrued simultaneously by 1985 when it suffered damage due to these cross-defendants' conduct.

While *Gemco-Ware* does not advance the principle that a defendant may cross-claim using indemnity after the statutory period underlying the claim as expired, *Gemco-Ware* does support Federline's position in referring to *In re FELA Asbestos Litigation*, 638 F. Supp. 107 (W.D. Va. 1986), with approval. *Gemco-Ware* at 57. A federal district court sitting in Virginia in this case allowed a defendant employer to cross-claim against a manufacturer using indemnity based upon breach of warranty, although the plaintiff employee's statutory period for claims against the manufacturer had expired, and the defendant employer's statutory period for warranty claims against the manufacturer had expired. The court in *Asbestos Litigation* found that the indemnity cause of action accrued upon payment by the defendant employer to the employee, and the court rejected the manufacturer's claim that the four-year limitations period given in Virginia Code § 8.2-725 for contract claims under the Uniform Commercial Code would apply to bar the employer's indemnity.

The federal court in *Asbestos Litigation* relied upon *Walker Manufacturing Co. v. Dickerson, Inc.*, 619 F.2d 305 (4th Cir. 1980). In *Walker*, the Court of Appeals for the Fourth Circuit applying a section of the North Carolina Uniform Commercial Code identical to Virginia Code § 8.2-725 found that an indemnity claim based upon breach of warranty could be brought by a roofing subcontractor against a manufacturer of roofing materials, although the limitations period on the subcontractor's warranty claim had expired. *Walker* frustrates rather than encourages Federline's indemnity claim, however; the cross-claimant seeking indemnity in *Walker* filed its claim promptly after it was sued by the plaintiff. In contrast, Federline did not cross-claim against the other defendants until October 2, 1989, more than nine months after Federline was sued by Chantilly Partners.

Although the court's reasoning in *Asbestos Litigation* is compelling and the Virginia Supreme Court cites it with approval in *Gemco-Ware*, this Court anticipates that the Virginia Supreme Court would find that the expiration of the warranty limitations period would bar a later claim for indemnity based upon breach of warranty. Cases such as *Boykins Corp. v. Weldon, Inc.*, 221 Va. 81 (1980), and *Stone v. Ethan Allen, Inc.*, 232 Va. 365 (1986), provide insight into the Supreme Court's view of limitations of actions. In *Boykins*, the defendant Weldon Roofing installed a roof on the plaintiff's building in

March, 1966, and the roof began to leak in October, 1966. During the next nine years, both the plaintiff and defendant attempted to repair the roof. In 1975, the plaintiff filed suit based upon breach of contract for damage caused by the leaking roof. The Virginia Supreme Court found in this case that the plaintiff's limitations period for bringing the action had expired. The Court denied the plaintiff's claim of equitable estoppel, emphasizing that the plaintiff had knowledge of the defective condition of the roof from the time it was installed and could have filed suit against the defendant within the statutory period. In the case currently before this Court, Federline had knowledge of the defective condition of the plumbing materials in as late as 1985; application of the notice principles of *Boykins* to this situation indicates that Federline could have filed suit against the cross-defendants within the warranty limitations period and would be barred from bringing an action later.

The Virginia Supreme Court addressed the problem of notice of defective condition again in *Stone v. Ethan Allen, Inc.*, 232 Va. 365 (1986). In *Stone,* the plaintiffs purchased a defective refrigerator in 1975 from the defendant Ethan Allen, Inc., and the refrigerator caused a fire in their home in 1977. To recover for property damage to their home as a result of the fire, the plaintiffs filed a motion for judgment in 1981 against the seller and manufacturer of the refrigerator, basing their claims upon negligence and breach of warranty. The Court found that the warranty cause of action was time barred under the four-year limitations period provided in Virginia Code § 8.2-725, as the warranty cause of action accrued when the refrigerator was delivered in 1975. The negligence claim was timely filed, however, because the plaintiffs did not seek to recover damages for the defective refrigerator itself, and thus they suffered no property damage until 1977. In contrast, the cross-claimant Federline sustained damage by 1985, and no additional event was necessary to reveal the product defect.

The Virginia Supreme Court may follow the reasoning applied in other states in ruling that the expiration of the warranty limitations period would bar a later claim for indemnity based upon breach of warranty. The Court of Appeals of Minnesota found in a recent case that the U.C.C. statute of limitations for warranty claims would override another state statute defining the accrual of a cause of action for indemnity as the time of payment of the final judgment. *Housing &*

*Redev. Auth. for Crookston, Minnesota v. Agassiz Constr.*, 476 N.W.2d 781 (1991). The Supreme Court of Utah found as well that the U.C.C. limitations period as a specific statutory limitation would override the general limitations rule for indemnity actions. *Perry v. Pioneer Wholesale Supply Company*, 681 P.2d 219 (1984). In addition, a New York Supreme Court recognized that scrutiny of the language of a cross-claim for indemnity based upon breach of warranty revealed that the cross-claim was merely a warranty claim and that indemnity had not been properly alleged. *Wegorzewski v. Wilmod Company, Inc.*, 333 N.Y.S.2d 638 (1972).

Since the statutory and case law in Virginia presents no controlling precedent on the question of whether the warranty or indemnity limitations period is controlling, and in view of the Virginia Supreme Court's approval of *In re FELA Litigation, supra,* in its decision in *Gemco-Ware, supra,* this Court finds that the case should proceed to trial with the cross-claims of Federline against cross-defendants Celanese, DuPont, and Shell.

Federline is also asking the Court to identify the extent of recovery that it will permit from the defendants Vanguard Plastics and U.S. Brass. In the letter opinion dated August 2, 1991, the Court recognized that Vanguard and U.S. Brass are not remote manufacturers with regard to Federline, and therefore, a four-year limitations period for Federline's breach of warranty claim is applicable. Federline's cross-claims against these defendants were timely filed, and Federline now seeks a determination that the Court will allow complete reimbursement from these defendants of any judgment rendered against Federline in favor of the plaintiff Chantilly Partners. In addition, Federline asks for leave of the Court to file an amended cross-claim against Vanguard Plastics and U.S. Brass in order to plead specific express warranties.

The Court finds that any determination at this time as to the extent of liability of Vanguard Plastics and U.S. Brass would be premature; adjudication on the merits of Federline's cross-claim against these defendants will establish their liability, if any. However, the court grants Federline leave to amend its cross-claim against all cross-defendants to plead specific express warranties. Federline may amend its cross-claim if it wishes to do so within twenty-one days of this letter date.