JOHN D. STONE, ET AL.

V.

ETHAN ALLEN, INC., ET AL.

Record No. 831190

November 26, 1986

Present: All the Justices

*Michael L. Davis (Slenker, Brandt, Jennings & Johnston,* on brief), for appellants.

*John D. McGavin (Richard H. Lewis; William L. Carey; Bruce B. McHale; Randi L. Breslow; Lewis and Trichilo; Rosenbleet and McHale; Haight, Gardner, Poor and Havens,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether the plaintiffs' cause of action is time-barred.

On September 28, 1981, John D. and Vickie T. Stone (the Stones) filed a motion for judgment against Ethan Allen, Inc. (Ethan Allen) and Springer Penguin, Inc. (Springer Penguin) (collectively, the defendants). On July 20, 1977, the Stones' home was damaged by fire. They allege that a defect in a portable refrigerator caused the fire. The refrigerator was manufactured by Springer Penguin and sold by Ethan Allen. Ethan Allen delivered the refrigerator to the Stones' residence on February 8, 1975.

The Stones claim that the defendants were guilty of negligence[1] and breach of implied warranty which proximately caused the damage to their property. The trial court entered summary judgment for the defendants, ruling that both the negligence claims and the breach of warranty claims were barred by the applicable statute of limitations.

First, we consider the breach of warranty claims. The defendants, relying upon Code § 8.2-725, contend that the limitation period for the warranty claims is four years and that the time began to run from February 8, 1975, when the refrigerator was delivered. Code § 8.2-725, in pertinent part, provides:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . . .

---

[1] The Stones allege that Ethan Allen failed (1) to inform them that the refrigerator was defective in design and manufacture and inherently dangerous, (2) to inspect and test the refrigerator, (3) to warn them of the defects, and (4) to deliver the refrigerator in a safe and usable condition. They claim that Springer Penguin failed (1) to design and manufacture the refrigerator in a safe manner which would have prevented the fire, (2) to warn them of the defect, (3) to test and inspect the refrigerator, and (4) to deliver the refrigerator in a safe and usable condition.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made* . . . .

(Emphasis added.)

The Stones contend, however, that their causes of action for breach of warranty accrued on July 20, 1977, when the fire occurred and that the limitation period is five years. In support of this contention, the Stones rely upon Code § 8.01-246 which states, *inter alia*:

Provided that as to any action to which § 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling except that in products liability actions for injury to person and for injury to property, other than the property subject to contract, the limitation prescribed in § 8.01-243 shall apply.

The limitation period prescribed in Code § 8.01-243 is five years. The Stones' reliance on Code § 8.01-246 is misplaced. Code § 8.01-246 was not effective until October 1, 1977, *see* Code § 8.01-256;[2] thus, Code § 8.2-725 governs. We conclude, therefore, that the warranty causes of action accrued at the time of the breach, *i.e.*, February 8, 1975, when the refrigerator was delivered. Accordingly, the trial court correctly ruled that the warranty claims were time-barred. *See Rapp* v. *Whitlock Corp.*, 222 Va. 80, 279 S.E.2d 133 (1981).

Next, we consider the negligence claims. The controlling statute of limitations both at the time the refrigerator was delivered (Feb-

---

[2] Code § 8.01-256 reads as follows:

No action, suit, scire facias, or other proceeding which is pending before October 1, 1977, shall be barred by this chapter, and any action, suit, scire facias or other proceeding so pending shall be subject to the same limitation, if any, which would have been applied if this chapter had not been enacted. If a cause of action, as to which no action, suit, scire facias, or other proceeding is pending, exists before October 1, 1977, then this chapter shall not apply and the limitation as to such cause of action shall be the same, if any, as would apply had this chapter not been enacted. Any new limitation period imposed by this chapter, where no limitation previously existed or which is different from the limitation existing before this chapter was enacted, shall apply only to causes or rights of action accruing on or after October 1, 1977.

ruary 8, 1975), and at the time the fire occurred (July 20, 1977) was former Code § 8-24, which read in pertinent part:

> Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

Thus, the limitation period for the negligence claims in the present case is five years. The crucial question, however, is whether the five-year limitation period ran from the delivery date of February 8, 1975, as the defendants contend, or from the date of the fire, July 20, 1977, as the Stones contend.

■ Former Code § 8-24 provided that the limitation periods began to run when "the *right* to bring the [action] shall have accrued." (Emphasis added.) There is a tendency by some to treat "cause of action" and "right of action" as interchangeable terms. While a cause of action and a right of action may accrue simultaneously, they need not do so. A right of action is a remedial right to presently enforce a cause of action. *First Va. Bank-Colonial* v. *Baker*, 225 Va. 72, 81, 301 S.E.2d 8, 13 (1983). *See Shiflet* v. *Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984).

■ There can be no right of action until there is a cause of action. *Caudill* v. *Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969).

> The essential elements of a cause of action, whether based on a tortious act or breach of contract, are (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach. . . . A cause of action does not evolve unless all of these factors are present. Specifically, *without injury or damage to the plaintiff, no right of action accrues*; . . . .

*Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981) (citations omitted) (emphasis added). *Accord Baker*, 225 Va. at 82, 301 S.E.2d at 13-14.

■ In the present case, the remedial right the Stones seek to enforce is recovery of damages to their home caused by the fire occurring on July 20, 1977.[3] Until the fire loss occurred, the Stones had not sustained a damage — an essential element of a cause of action. Without damage, there is no cause of action, and hence, no right of action.

The defendants argue that to hold that the statute began to run when the damage occurred would create the so-called "discovery" rule and repudiate our holdings in *Virginia Military Institute* v. *King*, 217 Va. 751, 232 S.E.2d 895 (1977), and *Housing Authority* v. *Laburnum Corp.*, 195 Va. 827, 80 S.E.2d 574 (1954). We do not agree.

In those cases, as well as others that reject the discovery rule, "the injury or damage existed at the time of the wrongful act; it had merely not been discovered in a timely manner." *Locke*, 221 Va. at 959, 275 S.E.2d at 906. We have said, however, that if *any* injury or damage immediately results from the wrongful or negligent act of another, the party aggrieved has a cause of action, and the statute of limitations begins to run at that time. This principle was stated in *Laburnum Corp.*:

> *[W]here an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor* the statute of limitations attaches at once. It is not material that *all* the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.

195 Va. at 839, 80 S.E.2d at 581 (emphasis added). As previously noted, however, in the present case the Stones had sustained *no damages* until the fire, and, therefore, they had no right of action until July 20, 1977.

■ Indeed, to rule, as the defendants suggest, that the statute of limitations began to run on February 8, 1975, would be to hold

---

[3] We emphasize, however, that the Stones have not sued to recover damages to the alleged defective product itself (the refrigerator).

that the statute ran before the Stones were damaged, *i.e.*, "before the cause of action ripened into a right of action." *Baker*, 225 Va. at 83, 301 S.E.2d at 14. "Such an unjust and inequitable result is not the purpose of statutes of limitation. They are designed to compel the prompt assertion of an accrued right of action; not to bar such a right before it has accrued." *Caudill*, 210 Va. at 13, 168 S.E.2d at 259.

■ We hold, therefore, that because the five-year limitation period ran from the time of the fire loss, July 20, 1977, the Stones' negligence claims were filed timely. Thus, the trial court erred in entering summary judgment for the defendants on these claims. The conclusion we reach in the present case is but an extension of a principle of law existing for many years. *See, e.g., Lewis' Adm'r v. Glenn, Trustee*, 84 Va. 947, 979, 6 S.E. 866, 882, (1888); *L. & N. R. Co.* v. *Saltzer*, 151 Va. 165, 168-72, 144 S.E. 456, 457-58 (1928); *Caudill*, 210 Va. at 12-15, 168 S.E.2d at 258-59; *Locke*, 221 Va. at 955-62, 275 S.E.2d at 903-07; *Baker*, 225 Va. at 81-84, 301 S.E.2d at 13-14. *But see* Code § 8.01-230.[4] For a discussion of cases on this subject, see *Locke*, 221 Va. at 959-62, 275 S.E.2d at 905-07.

Accordingly, we will affirm the portion of the trial court's judgment which dismissed the Stones' breach of warranty claims and reverse the judgment and remand the case for further proceedings on the negligence claims.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

[4] Code § 8.01-230 provides that "the prescribed limitation period shall begin to run . . . when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered." Because Code § 8.01-230 did not take effect until October 1, 1977, it does not apply to the present case. Code § 8.01-256. We repeat, however, what we said in *Baker*:

> While, in future cases, this language arguably may be construed to alter the rule we apply here, we emphasize that we have not applied a "discovery" rule; . . . We leave the debate over the merits and demerits of a discovery rule to the wisdom of the General Assembly . . . .

225 Va. at 83 n.7, 301 S.E.2d at 14 n.7. *See also Harbour Gate Owners' Ass'n* v. *Berg*, 232 Va. 98, 106-07, 348 S.E.2d 252, 258 (1986).