## CIRCUIT COURT OF FAUQUIER COUNTY

Dreyer

v.

Hensley

v.

Kennedy et al.

April 25, 1989

Case No. (Chancery) CH87-7489

By JUDGE WILLIAM SHORE ROBERTSON

On March 14, 1989, counsel appeared to be heard on the special plea filed by the defendants, Commonwealth of Virginia, State Department of Health and Commonwealth of Virginia, Fauquier County Health Department. At that time, the Court requested and counsel agreed that this plea would be considered upon the memoranda of counsel. After considering the memoranda of counsel, the Court will sustain this special plea.

The facts of this case, which are not materially in dispute, are set out in the memoranda of counsel and will not be repeated here. The issue is whether the plaintiffs' claim against the Commonwealth is time-barred under the Virginia Torts Claims Act (Va. Code § 8.01-195.1 et seq.). That Act requires that one making a tort claim against the Commonwealth file a Notice of the claim with the Attorney General of Virginia within one year after such cause of action shall have accrued. Va. Code Sections 8.01-195.6 and 8.01-195.7. Here the plaintiffs provided written notice to the Attorney General of their tort claim on August 10, 1987. The Court must then decide when their cause of action accrued. The Commonwealth argues that

at the latest their cause of action accrued on May 20, 1986, when they closed on the purchase of the property, paying for it, and becoming its owners. On that date, the alleged breach of duty (mistaken bookkeeping and inspection) had previously occurred. Since the plaintiffs' Notice of Claim was filed more than a year later, they are time-barred. In response, the plaintiffs argue that their cause of action did not accrue until August 14, 1986, when their application for a sewer disposal system was denied for they suffered no damage until that date. The Court does not agree.

In Virginia, a cause of action accrues when the breach of duty occurs in the case of damage to property and not when the resulting damage is discovered. Va. Code § 8.01-230. As noted in *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 368 (1986):

> The essential elements of a cause of action, whether based on a tortious act or breach of contract, are (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach . . . . A cause of action does not evolve unless all of these factors are present. Specifically, *without injury or damage to the plaintiff, no right of action accrues* . . . . (Emphasis in original text).

Any injury or damage resulting from a wrongful act even though slight will provide the aggrieved party a cause of action; all of the damages resulting from the act need not have been sustained. *Stone, supra.* The focus of this issue necessarily turns on the date the plaintiffs were damaged.

Although the application of limitations is often harsh on those seeking to recover, the Court concludes that the damages first accrued to the plaintiffs when they closed the purchase of the property on May 20, 1986.

While the alleged breach of duty would have occurred substantially earlier under the pleadings, on the date they settled, they relied upon the alleged negligent acts of the agents of the state to their detriment. Injury

and damages resulting in the diminution of the value of their purchase property arose then and their cause of action accrued. Since the notice of claim was not filed until August 10, 1987, it was not timely filed under Va. Code §§ 8.01-195.6 and 8.01-195.7. Their claim is time-barred.