## CIRCUIT COURT OF WASHINGTON COUNTY

Jean Whited et al.

v.

Commonwealth of Virginia

November 27, 1990

Case No. (Law) 90-196

By JUDGE CHARLES H. SMITH, JR.

I have completed my review of this matter which is pending before the court now on the defendant's demurrer and special pleas. The court heard arguments of counsel herein on October 26, 1990.

Plaintiffs filed this motion for judgment on July 12, 1990, seeking damages for the pollution of their well allegedly sustained as a result of the defendant's negligence in failing to properly construct, repair and maintain a septic system located on its property. The parties own contiguous pieces of property, and plaintiffs' well was allegedly contaminated as the result of effluent seeping into it from the land of the defendants. The defendant has responded to the pleadings by demurrer alleging that the motion for judgment fails to state a cause of action and by a special plea of sovereign immunity.

Specifically, the defendant claims that the plaintiffs, in filing their claim, have failed to comply with the mandates of the Virginia Tort Claims Act (Virginia Code Sections 8.01-195.1 through 8.01-195.9). Thus, the defendant contends this failure to comply with the act renders the motion for judgment defective because, outside the parameters of the act, the Commonwealth is otherwise immune from liability.

256

The Virginia Tort Claims Act creates a limited waiver of governmental immunity from tort claims in derogation of the common law. The act renders the Commonwealth liable for claims for personal injuries, property damages or death caused by the negligent or wrongful act or omission of a Commonwealth employee while acting within the scope of his or her employment. The act specifies a maximum amount recoverable by a successful claimant. In such cases, the Commonwealth is the party-defendant, and service of process and notices must be made on the Attorney General. Significantly, the act contains a notice provision much like that found in § 8.01-222, which mandates notice to cities and towns by a claimant prior to filing a suit against a municipality. Section 8.01-195.6 provides as follows:

> Every claim cognizable against the Commonwealth shall be forever barred unless the claimant or his agent . . . has filed a written statement of the nature of the claims, which includes the time and place at which the injury is alleged to have occurred and the state agency or agencies alleged to be liable. The statement shall be filed within one year after such cause of action shall have accrued with the Attorney General . . . .

Section 8.01-195.7 provides, in part, as follows:

> *Statute of Limitations.* -- Every claim cognizable against the Commonwealth . . . under this article shall be forever barred, unless within one year after the cause of action accrues to the claimant the notice of claim required by § 8.01-195.6 is properly filed . . . .

That section goes on to provide the time limits within which an action may be commenced after proper notice is given.

The defendant contends that the plaintiffs' cause of action, if any, accrued at the time of initial encroachment of defendant's effluent upon the lands of plaintiffs.

The defendant cites § 8.01-230 in support of its position. That Code Section states:

> *Accrual of cause of action.* -- In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person, when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered . . . .

The defendant also cites the case of *Stone v. Ethan Allen, Inc.,* 232 Va. 365 (1986), in support of its position. In that case, the Supreme Court stated:

> Where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefore, the statute of limitation attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. See also *Westminster Investing Corp. v. Lamps Unlimited,* 237 Va. 543 (1989).

Plaintiffs notified the defendant of their claim by certified letter dated August 14, 1989. In that notice, plaintiffs indicated they "confirmed" on August 25, 1988, the presence of contamination in their well due to effluent seepage from the septic system of the defendant. An affidavit filed herein by the tort claims manager for the Office of the Attorney General indicates that this notice was received and filed in his office on August 18, 1989. The claim was apparently denied by the Commonwealth, and the plaintiffs filed this lawsuit on July 12, 1990.

Attached to the plaintiffs' motion for judgment as Exhibit 1 is a report from the Washington County Health Department relating the results of their investigation and testing of the plaintiffs' well. This report, which

is a part of the plaintiffs' pleadings, indicates knowledge of the contamination as early as August 2, 1988, and confirmation of this to the plaintiffs as early as August 15, 1988. (Rule 1:4(i) states as follows: "the mention in a pleading of an accompanying exhibit shall, of itself and without more, make such exhibit a part of the pleading.")

In consideration of all of the above, the court is of the opinion that the plaintiffs' cause of action did accrue and some damages was done to their property as early as August 2, 1988. Thus, the plaintiffs' notice which was apparently written on August 14, 1989, and *filed* with the Attorney General on August 18, 1989, was untimely. The court will, therefore, sustain the demurrer and special plea, incidentally, the same result which seemed to ensue in a claim for personal injuries except as to any plaintiffs who may have been under a disability.