59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jerry R. WARD; Karen Ward, Plaintiffs-Appellants,
v.
ISLAND CREEK COAL COMPANY; Garden Creek Pocahontas Company;
Beatrice Pocahontas Coal Company, Defendants-Appellees.
 No. 93-1823.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1994.
Decided June 22, 1995.
 
 ARGUED: Carl E. McAfee, McAfee, Bledsoe & Associates, P.C., Norton, Virginia, for Appellants. Stephen McQuiston Hodges, Penn, Stuart, Eskridge. & Jones, Abingdon, Virginia, for Appellees.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry R. Ward and Karen Ward appeal the district court's grant of summary judgment to defendants Island Creek Coal Company and Beatrice Pocahontas Coal Company on the basis that the Wards' claim was barred under Virginia's five-year statute of limitations pertaining to property damage. See Va.Code Sec. 8.01-243(B) and Sec. 8.01-230. The Wards' motion for judgment claimed that their property was damaged when the surface of the property subsided due to the collapse of surface support following longwall mining. We affirm the judgment of the district court, but not its opinion.
 
 
 2
 The Ward residence is situated on land under which the defendants had conducted longwall coal mining operations.[1] The mining directly beneath the Wards' property ceased in 1969, but other mining operations continued in the same mine until June of 1986. The property had small sinkholes on it from the time Ward purchased the property in 1978, but they were easily filled in with a wheelbarrow full of dirt. The well water turned black and became unusable, and the septic system lines broke prior to the Wards connecting to the county water system on March 24, 1983. Major structural damage to the house, outbuildings, sidewalks, and surface started in 1987 and has continued since then.
 
 
 3
 The Wards filed their motion for judgment in the Circuit Court of Buchanan County on December 29, 1991, alleging that the defendants' mining operations under or adjacent to their property removed the subjacent or lateral support of the property, leaving the property without support, causing extensive damage to the property beginning on or about January 1, 1987, including loss of water and sewage and damage to other improvements on the property as well as to the land itself. Having removed the case to the district court, the defendants filed a motion for summary judgment, claiming that the Wards' suit was barred by the five-year statute of limitations in Va.Code Secs. 8.01-243(B) and 8.01-230. The district court granted summary judgment to the defendants on the basis that the five-year statute of limitations for injury to property, Va.Code Sec. 8.01-243(B), had run, since the defendants had ceased mining anywhere near the Ward property before June 1986. It stated that the five-year statute of limitations had run since the first actual injury to the property was at least in 1983, the date when the Wards claim damage to their water. The district court concluded that "regardless of which date the right of action accrued and the five year statute of limitations began to run, this action, filed in 1991, was untimely."[2]
 
 
 4
 Va.Code Sec. 8.01-243(B) provides that "[e]very action for injury to property ... shall be brought within five years next after the cause of action shall have accrued." In Large v. Clinchfield Coal Co., 387 S.E.2d 783 (Va.1990), the Virginia Supreme Court considered when a cause of action accrues in longwall mining cases. The plaintiffs in Large sought a declaratory judgment and injunctive relief against Clinchfield, which was to begin longwall mining under the property which they claimed would cause surface subsidence and consequent damage. In reversing the trial court's final decree denying Clinchfield the right to utilize the longwall mining method under the Larges' land, the Virginia Supreme Court stated:
 
 
 5
 The Larges conceive of their right to subjacent support as being violated by any subsidence in the surface caused by the subterranean owner, irrespective of the lack of surface damage or diminution in use. We do not agree.
 
 
 6
 At law, a claim for a violation of subjacent support is implicitly premised upon a showing of appreciable damage to the surface estate or diminution in its use. See Phipps v. Leftwich, 216 Va. 706, 712, 222 S.E.2d 536, 540 (1976); Stonegap C. Co. [ v. Hamilton], 119 Va. at 293, 89 S.E. at 311. Moreover, until a surface landowner establishes damage to his property, he has no cause of action. Stone v. Ethan Allen, Inc., 232 Va. 365, 368, 350 S.E.2d 629, 631 (1986); First Va. Bank-Colonial v. Baker, 225 Va. 72, 82, 301 S.E.2d 8, 14 (1983).
 
 
 7
 Large, 387 S.E.2d at 785-786.
 
 
 8
 Even if the small sinkholes in the property at issue here, which were apparent when the Wards purchased it, were not caused by the removal of subjacent support, the position of the plaintiffs is that the damage to their water and sewage systems was, and they acknowledge that the damage to their water system took place prior to the time they hooked on to the county water system on March 24, 1983. So March 24, 1983 is the latest date on which their cause of action accrued. This case was filed in the Circuit Court of Buchanan County on December 20, 1991. The Virginia statute of limitations of five years, Sec. 8.01-243(B), had run prior to the time of filing the suit. Thus, this action is barred by that statute.
 
 
 9
 So far as the district court held that this action was barred by Sec. 8.01-230 because a breach of duty occurred when the longwall mining took place, not when the damage accrued, we do not follow its opinion, and we do not depend on Sec. 8.01-230 for our decision.
 
 
 10
 In summary, we are of opinion that this action is barred by the decision in Large and Code Sec. 8.01-243(B), and we do not decide it is barred for any other reason. We thus do not reach the other questions raised in the briefs of the plaintiffs.
 
 
 11
 The judgment of the district court is accordingly
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 For a description of longwall coal mining, see Large v. Clinchfield Coal Co., 387 S.E.2d 783, 785 (Va.1990). Removal of pillars was also mentioned in the complaint, but not blamed thereafter
 
 
 [2]
 The district court apparently alternatively applied Va.Code Sec. 8.01-230 in this case, for it mentioned that code section in its opinion, as well as Harbour Gate Owners' Ass'n. v. Berg, 348 S.E.2d, 252, 258 n. 3 (Va.1986). The significance of Sec. 8.01-230 is that it provides that in cases of breach of contract or duty in the case of damage to property, the cause of action accrues when the breach of contract or duty occurs and not when the resulting damage is discovered. Thus, the statutory period may have run before any damage occurred, as note 3 in Harbour Gate mentions. We do not rely on Sec. 8.01-230 or base our decision upon it