## CIRCUIT COURT OF WARREN COUNTY

Wanda Wines

    v.

Carroll Fuller et al.

April 2, 1998

Case No (Law) 97-239

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendants' Demurrer and Plea of the Statute of Limitations and the memoranda of the parties filed in support of their respective positions.

### I. *Statement of Material Facts*

The following facts are pleaded in the Motion for Judgment.

Plaintiff, Wanda Wines, was formerly employed by the Defendants, Peoples Security Life Insurance Company. The Defendants Carroll Fuller and Sammy Woodruff were the Plaintiff's supervisors at the insurance agency.

The Plaintiff alleges that on or about August 10, 1995, defendants Fuller and Woodruff in their capacity as her supervisors defamed her in a separation report to which was attached an intracompany memo prepared by Mary Elizabeth Clark, assistant general counsel of the Providian Group, which apparently has some affiliation with the Defendant Peoples Security Life Insurance Company. In the memo, Clark describes the circumstances of Defendants Fuller's and Woodruff's investigation and their conclusion that the Plaintiff had falsified potential sales information and that, based upon that investigation, they had terminated Wines.

In Paragraph 7 of her Motion for Judgment, the Plaintiff further alleges that there were verbal statements made indicating that the Plaintiff:

Had filed falsified life insurance policy applications in the names of residents of Warren County, Virginia, including one Elizabeth Clatterbuck and had forged the signature of Ms. Clatterbuck, had mishandled premium payments made by policy holders residing in Warren County, had done so to take unfair advantage of the Defendant Peoples sales incentive program, and had acted in a manner demonstrating Plaintiff to be unfit for employment as a life insurance sales person for Defendant Peoples and had violated various provisions of Peoples' "policies on business conduct."

In Paragraph 8 the Plaintiff alleges that these allegations were made with reckless disregard for their truth or falsity.

The Defendants have demurred to the Motion for Judgment on the grounds that the Plaintiff has failed to allege with specificity the exact defamatory statements; the action is barred by exclusive remedies of the Virginia Workers' Compensation Act; and that the August 10, 1995, separation report is both time barred and was never published.

## II. *Conclusions of Law*

### 1. *Demurrer*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). In all cases except negligence cases, in ruling on a demurrer, "the court is not bound by ... conclusory [legal] allegations when the issue involves ... a mixed question of law and fact." *Russo v. White, supra* at 28. There is an exception for negligence cases, because the Rules of Court specifically provide that "an allegation of negligence ... is sufficient without specifying the particulars of the negligence. On motion made promptly, a bill of particulars may be ordered to amplify any pleading that does not, in the opinion of the Court, comply with this rule." Supreme Court Rule 3:16(b). *See generally CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993).

## 2. *The Virginia Workers' Compensation Act Does Not Bar Plaintiff's Claims*

At the outset in should be noted that "the fundamental purpose of the [Workers' Compensation] act is to give compensation for accidental injuries within the hazards of the employment. The act does not apply to accidents outside the field of industrial hazards." *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73 (1946). The conditions of employment and the relations between employees and employers are subject to a wide range of laws, to name but a few: Virginia Human Rights Act, §§ 2.1-714 *et seq.*; Virginians with Disabilities Act, §§ 51.5-1 *et seq.*; Virginia Occupational Safety and Health Act, §§ 40.1-1 *et seq.*; and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17. The Workers' Compensation Act is but one constellation in the universe of laws governing the employer-employee relationship. An act of defamation by an employer against his employee is not an industrial accident covered by the Workers' Compensation Act.

## 3. *Publication*

The Virginia Supreme Court has held that there is no publication when a defamatory communication occurs between persons within the same corporation or business who have a duty and interest in the subject matter. In *Chalkley v. Atlantic Coastline Ry.*, 150 Va. 301, 334-35 (1928), the Supreme Court held that the dictating of a defamatory letter to a secretary in the corporation was not a publication sufficient to satisfy the publication requirement of a defamation action. The Circuit Court of the City of Richmond in *Loria v. Regelson*, 39 Va. Cir. 536, 537 (Richmond Cir. 1996), reached a similar conclusion holding:

> Defamation occurs when there is publication of a defamatory statement to a third party. There is no publication when a defamatory communication occurs between persons within a corporate entity who have a duty and interest in the subject … . Additionally, no publication occurs where the communication, which regards a matter of corporate interest, remains entirely within a corporate entity.

*See generally* Annotation, *Defamation: Publication by Intracorporate Communication of Employee's Evaluation*, 47 A.L.R. 4th 674 (1986); and 50 Am. Jur. 2d, *Libel and Slander*, § 247.

In the instant case, the Defendants claim that Wines has not alleged that the Defendants published the separation report to anyone outside of Peoples Security, and because the report remained within the corporation and was communicated only to persons having an interest in the subject, there was no publication of this allegedly defamatory statement. At this early stage in the proceedings, the Court cannot determine as a matter of law from the pleadings the legal relationship between Providian and the other defendants, so the demurrer on this point will have to be overruled pending further factual development.

### 4. *The Statute of Limitations Does Not Bar an Action Based on August 10, 1995, Separation Report*

The Defendants claim that any action based on the August 10, 1995, Separation Report is barred by the one year statute of limitations. Wines' original motion for judgment (Warren County, Law No. 96-177), which alleged defamation by these same defendants based on statements allegedly made incident to the Plaintiff's termination, was filed within one year, and this present action was filed within six months of the nonsuit order. The general substance of the allegedly defamatory statements in the nonsuited action are the same as those in the refiled action, and the defendants and the time period is the same.

The Defendants are correct that when the plaintiff nonsuits an action and then refiles against the same defendants and the statute of limitations is a concern, the plaintiff is limited to proceeding on the same causes of action set forth in the original, nonsuited action. *Thomas Gemmell, Inc. v. Svea Fire and Life Ins. Co.,* 166 Va. 95, 183 S.E. 457 (1936). However, the Defendants fail to understand the important distinction between the broad concept of cause of action and the more narrow concept of right of action as applied by the Supreme Court today.

The Supreme Court of Virginia recently had occasion to discuss the concept of cause of action in *Trout v. Commonwealth Transp. Commissioner,* 241 Va. 69, 73, 400 S.E.2d 172 (1991):

An "action" and a "cause of action" are quite different. "Action" is defined by Code § 8.01-2, as noted above. We define "cause of action" in *Roller v. Basic Construction Co.,* 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which under the substantive law may give rise to a right of action."

As can be seen, Virginia follows the transactional rule set forth in the Restatement of Judgments 2d, § 24, for purposes of defining "cause of action." One "cause of action" may give rise to myriad rights of action, e.g., breach of contract, breach of warranty, negligence, and statutory claims; however, if the rights of action arise from the same operative set of facts and could legally be asserted therein, they are all the same "cause of action" for purposes of the analysis of the revived action *vis a vis* the savings provisions of the nonsuit statute. In *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 368-369, 350 S.E.2d 629 (1986), the Supreme Court of Virginia had the occasion to discuss the difference between a cause of action and the narrower concept of a right of action: "There can be no right of action until there is a cause of action. *Caudill v. Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969)."

While new rights of action may be asserted in the second Motion for Judgment, they all arise from the same transactional facts or "cause of action" as set forth in the earlier nonsuited action; therefore, they may be properly asserted in the second action under the saving provisions of the nonsuit statute. *See, e.g. Carter v. Williams*, 246 Va. 53, 431 S.E.2d 297 (1993) (amended complaint properly permitted to also allege fraud arising from same transaction upon which the original complaint was founded).

## 5. *Specific Defamatory Words Must Be Pleaded*

In Paragraph 7, Plaintiff alleges certain verbal statements but does not specify the exact content of these statements, when they were made, or to whom they were made. Accordingly, the Demurrer is sustained insofar as any oral statements allegedly made are concerned. *See Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200 (1993). Plaintiff is granted leave to file an Amended Motion for Judgement setting forth the specificities of these allegedly other oral statements referred to in Paragraph 7 of her Motion for Judgment.

## III. *Decision*

For the foregoing reasons, it is it is adjudged and ordered that:

1. Defendants' Demurrer is overruled, based on the bar of the Virginia Workers' Compensation Act.

2. Defendants' Demurrer is overruled as to the statements contained in the August 10, 1995, Separation Report.

3. Defendants' Plea of the Statute of Limitations is overruled.

4. Defendant's Demurrer is sustained as to the oral statements alleged in Paragraph 7 of the Motion for Judgment, and the Plaintiff is granted leave to file an amended motion for judgment setting forth with particularity the exact allegedly defamatory statements, when they were made, and to whom they were made. The Defendants shall have fourteen days from the receipt of the amended motion for judgment to file such response thereto as deemed advisable.