**Dianna L. GRAHAM, Plaintiff**

v.

**ISLAND CREEK COAL COMPANY, et al., Defendants**

**No. 1:99CV00193.**

United States District Court, W.D. Virginia, Abingdon Division.

Jan. 15, 2002.

Elsey Allen Harris, III, Mullins, Harris & Jessee, Norton, VA, Peter G. Glubiak, Glubiak Law Office, Aylett, VA, for plaintiff.

Stephen M. Hodges, Penn, Stuart & Eskridge, Abingdon, VA, for defendants.

## REPORT AND RECOMMENDATION

SARGENT, United States Magistrate Judge.

The plaintiff, Dianna L. Graham, ("Graham"), seeks compensatory and punitive damages from the defendants, Island Creek Coal Company, ("Island Creek"), and Consolidation Coal Company, ("Consol"), for damage to certain real property she owns in Buchanan County, Virginia.[1] Graham claims that improvements on the property have been damaged as a result of the defendants' underground coal mining operations. This matter is before the court on the parties' various motions in limine, (Docket Item Nos. 23, 26, 27, 28, 29, 40), and the defendants' motion for summary judgment, (Docket Item No. 24). These motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

### I. Procedural Background

The plaintiff first filed a motion for judgment for the claims she asserts in this case in Dickenson County Circuit Court on June 1, 1998. The plaintiff then requested and was granted a nonsuit of that case on May 28, 1999. Plaintiff then refiled her claims in Buchanan County Circuit Court on November 23, 1999. On December 28, 1999, the defendants removed plaintiff's claims to this court based upon the court's diversity jurisdiction. *See* 28 U.S.C.A.

§§ 1332, 1441 (West 1993–1994 & Supp. 2001).

### II. Factual Background

While the parties have submitted conflicting evidence as to the extent of the damage alleged at that time, there is no dispute that in April 1992 the plaintiff's father, Elijah F. Lester, who then occupied a residence on the property at issue in this case, filed a complaint with the Virginia Division of Mine Land Reclamation, ("DMLR"), regarding damage to a water well located on the property.

The defendants concede that, in April 1992, Garden Creek Pocahontas Company, formerly a subsidiary of Island Creek, operated a coal mine under the plaintiff's property. Island Creek also concedes that, at some later time, it took over the operation of this mine, which was named "VP-6" and later renamed it "VP-8." Consol asserts that it has never operated this mine or any mining operations under plaintiff's property.

The plaintiff asserts that, prior to 1992, mining operations under her property had ceased when the Beatrice Mine owned and operated by Beatrice Pocahontas Company closed in 1986. Plaintiff further asserts that, in January 1993, Island Creek took over operation of VP-6 from Garden Creek Pocahontas Company, later renaming it VP-8, and began longwall mining operations under her property, which continued until November 1994.

A Complaint Investigation form dated April 28, 1992, and completed by a DMLR representative with regard to Lester's complaints lists "Garden Creek Pocahontas" as the operator of the mining at issue at that time under permit number 1400494. (Attachment to Affidavit of H. Glenn Com-

---

1. By order entered February 9, 2001, OXY USA was dismissed as a defendant to this case.

er, (Docket Item No. 24).) The Complaint Investigation form also states, however, that a field investigation as to the entity causing the damage would be inconclusive "[d]ue to the proximity of mining from VP–6 and Beatrice in this area."

The parties have filed conflicting evidence as to whether the improvements on the plaintiff's property suffered any structural damages prior to April 1992. The plaintiff also has filed evidence showing that her property continued to suffer additional structural damage subsequent to August 3, 1995. Further, the plaintiff has submitted records of numerous vibrations and bumps felt at the surface of plaintiff's property from 1993 to 2001.

Other than Island Creek's concession that Garden Creek Pocahontas was, at some point in time, one of its subsidiaries, the parties have submitted no evidence as to the relationship or ownership of any of the relevant mining companies in April 1992 or at any other time.

### III. Analysis

I will first address the defendants' motion for summary judgment. With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991); and Ross v. Communications Satellite Corp.,

759 F.2d 355, 364 (4th Cir.1985). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505; Matsushita, 475 U.S. at 587–88, 106 S.Ct. 1348; Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir.1995); Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir.1990); Ross, 759 F.2d at 364; Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir.1980). In other words, the nonmoving party is entitled to have "the credibility of his evidence as forecast assumed." Miller, 913 F.2d at 1087 (quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979)). Therefore, in reviewing the defendants' motion in this case, the court must view the facts and inferences in the light most favorable to the plaintiff. Furthermore, because this court's jurisdiction is based on diversity of citizenship, Virginia law governs all substantive issues, including the issue of liability. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72–73, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The defendants argue that they are entitled to summary judgment as a matter of law because the plaintiff's claim is barred by the statute of limitations. On this issue, the defendants have the burden of proof. See BURKS PLEADING AND PRACTICE § 240 (Michie 4th ed.1952). In particular, the defendants argue that Virginia law provides for a five-year limitations period for injury to property. See VIRGINIA CODE ANN. § 8.01–243(B) (Michie 2000). Defendants further argue that plaintiff's claim accrued in 1992, when the property first suffered damage due to underground min-

ing. In support of this argument, the defendants cite only an unpublished panel opinion from the Fourth Circuit Court of Appeals in *Ward v. Island Creek Coal Co.*, No. 93–1823, 1995 WL 371676, 1995 U.S.App. LEXIS 15497 (4th Cir. June 22, 1995).

In the *Ward* case, the Fourth Circuit held that plaintiffs' cause of action for damage to their property from underground mining accrued by March 24, 1983, when the plaintiffs' water and sewer system were damaged to the extent that they were forced to hook on to the county water system, despite the fact that major structural damage to the property did not occur until 1987. It is important to note that the facts in *Ward* apparently did not raise an issue as to which of multiple entities had caused the damage to the plaintiffs' property.

In support of its decision in *Ward*, the Fourth Circuit cited the Virginia Supreme Court's decision in *Large v. Clinchfield Coal Co.*, 239 Va. 144, 387 S.E.2d 783 (1990). In *Large*, the Virginia Supreme Court held that a surface property owner has no claim for a violation of the right to subjacent support until there is a showing of appreciable damage to the surface estate or a diminution in its use. *Large*, 239 Va. at 148, 387 S.E.2d 783. Specifically, the court found that the property at issue in *Large* had not yet suffered any damage, and, therefore, the court held that the plaintiffs had no cause of action.

Despite the defendants arguments to the contrary, I do not find that these cases are binding on the court's decision here. The defendants do not cite, and I cannot find, any case in which the Virginia Supreme Court has held that a plaintiff's cause of action for all subsequent damage to his property due to continuing violations of the right of subjacent support accrues at the time his property first shows appreciable damage. Insofar as the *Ward* case stands

for this proposition, I question the soundness of that decision in light of the line of Virginia cases which have held that, "when wrongful acts are not continuous but occur only at intervals, each occurrence inflicts a new injury and gives rise to a new and separate cause of action." *Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235, 239, 360 S.E.2d 841 (1987) (citing *Norfolk & W.R. Co. v. Allen*, 118 Va. 428, 433, 87 S.E. 558 (1915)). I also note that, as an unpublished opinion, the panel's decision in *Ward* does not establish any binding precedent. *See* Fourth Circuit Local Rule of Appellate Procedure 36(c).

Nevertheless, I find that it is not necessary to determine how the Virginia Supreme Court would rule on this issue at this time. I reach this conclusion because I find that the facts of this case are distinguishable from those of *Ward* and *Large*. While there appears to be no dispute that this property began suffering damage in 1992, the plaintiff asserts, and the defendants concede, that this damage was, at least initially, caused by an entity other than either of the defendants. In fact, the defendants have conceded that Island Creek did not begin mining operations under the plaintiff's property until some time after the property first suffered damage in 1992.

■ The defendants argue that the plaintiff's cause of action for all claims for damage to this property as a result of mining activity accrued in 1992 when the property was first damaged, and, therefore, they argue that plaintiff's claims against them are barred because an action was not brought within Virginia's five-year statute of limitations. I find no merit to this argument. A statute of limitations begins to run when a party has a right to sue, and a party does not have a right to sue until there has been a breach of duty

by a person or entity which gives rise to a cause of action. *See* BURKS PLEADING AND PRACTICE § 233 (Michie 4th ed.1952). Put more succinctly, "[a] right of action cannot accrue until there is a cause of action." *Sides v. Richard Machine Works, Inc.*, 406 F.2d 445, 446 (4th Cir.1969). Before there can be a cause of action against a particular defendant, it must be shown that the defendant had a legal obligation and that the defendant breached that legal obligation. *See Sides*, 406 F.2d at 446. In this case, the plaintiff argues that the defendants breached their legal obligation to provide subjacent support to her property. *See Breeding v. Koch Carbon, Inc.*, 726 F.Supp. 645, 646 (W.D.Va.1989) (citing *Stonegap Colliery Co. v. Hamilton*, 119 Va. 271, 89 S.E. 305 (1916)(one who removes subjacent support for the surface and causes it to subside is strictly liable to the surface owner for the resulting injury to the surface)). The plaintiff's right of action against these defendants, however, could not have accrued until they committed or omitted some act causing injury to the plaintiff. Since both defendants have admitted that they did not operate the mine at issue in this case prior to the first damage being sustained in April 1992, it is not possible that the plaintiff's cause of action against them accrued at that time.

As stated above, it is the defendants who bear the burden of proof on the issue of whether the plaintiff's claims are barred by the statute of limitations. Since the evidence before the court is unclear as to exactly when the defendants began to operate the mine at issue, and there is a dispute in the evidence as to whether the defendants' actions caused any injury to the plaintiff's property prior to June 1, 1993, I find that the entry of summary judgment on this ground would not be proper at this time.

I now turn to the parties' various motions in limine. The defendants have filed a motion in limine, (Docket Item No. 23), seeking to exclude from admission at trial evidence of the following:

1.  Testimony from "neighbor" witnesses about events at locations other than the property at issue in this case;
2.  Vibrations or damage due to vibrations versus subsidence; and
3.  Any documents, witnesses or opinions not previously disclosed by plaintiff in her pretrial disclosures.

I do not believe that any discussion is necessary with regard to the exclusion of documents, witnesses or opinions not previously disclosed during the course of discovery or through pretrial disclosures, and I will recommend that the court grant the defendants' motion on this ground.

■ With regard to defendants' motion to exclude testimony from "neighbor" witnesses, the plaintiff concedes that these witnesses should not be allowed to testify with regard to damages suffered by property other than the plaintiff's. Nonetheless, plaintiff asserts that these witnesses should be allowed to testify as to specific "bumps and vibrations" experienced at various times. Such testimony, plaintiff argues, is relevant to support the expected testimony of the plaintiff's parents who resided on the property at issue. I agree. I will recommend that such testimony be allowed and that the court deny the defendants' motion on this ground.

With regard to defendants' motion to exclude evidence of vibrations or damage caused by vibrations versus subsidence, the defendants argue that the plaintiff has not produced any expert testimony to support a theory that her property was damaged by vibrations. I disagree. The plaintiff has submitted to the court a report by one of her expert witnesses, Charles S. Bartlett, Ph.D., Chief Geologist of Bartlett Geological Consultants. This report, which was provided to defense

counsel, states that Dr. Bartlett holds the opinion that the damages suffered by plaintiff's property were caused, at least in part, by vibrations. Therefore, I will recommend that such testimony be allowed and that the court deny the defendants' motion on this ground.

I now turn to the various motions in limine filed by the plaintiff, (Docket Item Nos. 27, 28, 29, 40). In her motions in limine, the plaintiff is seeking to exclude from evidence the following:

1. Expert opinions offered by any of the defendants' witnesses for which the defendants did not provide plaintiff's counsel with a report pursuant for Federal Rule of Civil Procedure Rule 26(a)(2); and

2. Evidence challenging the plaintiff's ownership of the property at issue or addressing how the plaintiff acquired the property at issue.

The plaintiff also has filed a request for the court to conduct a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), to determine whether certain of the defendants' witnesses will be allowed to offer certain expert opinions, (Docket Item No. 26).

With regard to the plaintiff's motion for a *Daubert* hearing, the plaintiff has put the court and the defendants on notice that she intends to challenge the admission of certain expert opinions offered by four of the defendants' witnesses based on the reliability of the opinions expressed. That being the case, it appears that such a hearing is proper and should be scheduled before the trial judge prior to the date of trial.

With regard to the plaintiff's motions in limine, the plaintiff argues that the court should exclude expert testimony from all of the defendants' witnesses because the defendants have not produced reports from these witnesses pursuant to Federal

Rule of Civil Procedure 26. The defendants correctly argue that, at the time that this case was removed from state to federal court in 1999, the disclosure requirements of Rule 26(a) were not mandatory in this district. The defendants also argue that the scheduling order entered in this case did not list a deadline for the exchange of expert witness reports and, furthermore, plaintiff's counsel already has taken the discovery deposition of each of the defendants' expert witnesses.

■ Based on this last ground, I find that plaintiff's motion with regard to the defendants' experts should be denied. Discovery has been completed in this case. Plaintiff's counsel has had an adequate opportunity to file written discovery requests seeking information regarding the opinions of defendants' experts. Plaintiff's counsel also has deposed each of defendants' experts. That being the case, plaintiff's counsel has had an adequate opportunity to ask each expert to list each opinion he holds relevant to this case and the basis for that opinion. While I may have taken a different view of this issue if it had been raised prior to the experts' depositions, it seems unreasonable at this point to require the defendants to tender written reports for each of their expert witnesses.

■ I also find that the court should deny the plaintiff's motion to exclude any evidence challenging the plaintiff's ownership of the property at issue. It goes without saying that before the plaintiff may recover for damages to property, she must prove that she owns the property. That being the case, the defendants should not be precluded from offering evidence, if any exists, to the contrary.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court **deny** the defendants' motion for summary judgment,

(Docket Item No. 24), and **grant** the plaintiff's motion to deny summary judgment, (Docket Item No. 36). I also recommend the following with regard to the various motions in limine:

1. The court **grant in part and deny in part** the defendants' motion in limine, (Docket Item No. 23), and the plaintiff's motion in opposition to this motion in limine, (Docket Item No. 42);

2. The court **grant** the plaintiff's motion for a *Daubert* hearing, (Docket Item No. 26); and

3. The court **deny** the plaintiff's motions in limine, (Docket Item Nos. 27, 28, 29, 40).

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (1993):

Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge may also receive further evidence to recommit the matter to the magistrate [judge] with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10–day period the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.