<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 10-1494

---

SOTINA LAVALE CUFFEE, deceased, Estate of, by and through
her administrator, Bradley A. Cuffee,

Plaintiff - Appellant,

v.

JOHN R. NEWHART, individually and in his official capacity
as Sheriff of the City of Chesapeake,

Defendant – Appellee,

v.

WEXFORD HEALTH SOURCES, INCORPORATED,

Third Party Defendant – Appellee.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:08-cv-00329-JBF-DEM)

---

Argued:  October 23, 2012          Decided:  November 29, 2012

---

Before NIEMEYER, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Jeroyd Wiley Greene, III, ROBINSON & GREENE, Richmond,
Virginia, for Appellant.  Jeff W. Rosen, PENDER & COWARD, PC,
Virginia Beach, Virginia, for Appellees.  **ON BRIEF:** Lisa Ehrich,
PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellee John

R. Newhart.  Andrew J. Terrell, Thomas C. Mugavero, WHITEFORD, TAYLOR & PRESTON, LLP, Falls Church, Virginia, for Appellee Wexford Health Sources, Incorporated.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Estate of Sotina LaVale Cuffee ("Cuffee's Estate" or "The Estate") appeals the district court's grant of summary judgment to John R. Newhart, the Sheriff of the City of Chesapeake, Virginia, on several claims arising from Cuffee's death while incarcerated at the Chesapeake City Jail ("the Jail"). For the reasons set forth below, we affirm the district court's judgment.

I.

The parties do not dispute the material underlying facts: The Jail contracted with Wexford Health Sources, Inc., for Wexford to provide on-site medical and dental services to inmates. The contract provided for inmates to submit health services request forms regarding any medical or dental issues. The contract required that within a set turnaround period, the forms would be reviewed, and, for medical issues, a registered nurse or physician would see the inmate. A similar provision required dentists to see patients for "acute" dental issues.

Over the course of approximately two-and-a-half months, Cuffee filed five health services request forms, complaining first of a painful toothache and later of severe chest pains, tingling in her arms and back, and insomnia. Licensed practical nurses ("LPNs") examined Cuffee and processed her services

3

request forms on each occasion, and one of the LPNs assessed that Cuffee had "possible indigestion." In apparent contravention of Wexford's contract with the Jail, however, although Cuffee requested to be seen by a medical doctor for her medical complaints, she received no further treatment or screening by an RN or physician. Cuffee's last request for health services came the morning of July 17, 2006. An LPN gave Cuffee an antacid and told her to submit another request to be seen by a medical doctor. Cuffee was then returned to her "pod," where her condition worsened throughout the day. Fellow inmates informed corrections officers, who declared a medical emergency. Despite the efforts of corrections officers and responding emergency medical technicians, Cuffee lost consciousness and died. An autopsy indicated that Cuffee's death was caused by coronary artery atherosclerosis.

Cuffee's Estate initially filed a complaint in the Eastern District of Virginia alleging several claims against various known and unknown Wexford medical staff, Jail corrections officers, and Sheriff Newhart. Decisions by the district court not at issue on appeal led to the operative pleading in this case – the Second Amended Complaint – alleging claims for

4

violation of 42 U.S.C. § 1983, gross negligence, and breach of contract against Sheriff Newhart.[1]

The parties filed cross-motions for summary judgment. The district court concluded that although

> the ultimate statutory responsibility for inmate medical care lies with Sheriff Newhart and . . . [Cuffee's Estate] appears to have identified certain omissions by Sheriff Newhart in connection with [overseeing] the City's contract with Wexford[,] there does not appear to be anything in the record of this case showing any causal connection between those apparent omissions by Sheriff Newhart and the alleged omissions by Wexford and/or its personnel that may have led to decedent's death.

(J.A. 473.) The district court held that because causation was a necessary element of each of the Estate's claims against Sheriff Newhart, the Estate could not, as a matter of law, prevail on any of its claims. Accordingly, it granted Sheriff Newhart's motion for summary judgment and dismissed the case.[2]

---

[1] Cuffee's Estate sued Sheriff Newhart "individually and in his official capacity as Sheriff of the City of Chesapeake." (J.A. 28.) The district court held that the Estate's "claims against [Sheriff Newhart] in his official capacity are . . . precluded by the Eleventh Amendment" given that he is a state officer. (J.A. 474.) The Estate does not challenge that ruling on appeal, and the remaining analysis focuses solely on the claims against the Sheriff in his individual capacity.

[2] The Estate's claims against Wexford and Wexford's medical personnel were barred by the statute of limitations. Sheriff Newhart had filed a third-party complaint against Wexford seeking indemnification under the contract for any recovery against him in this action. That claim had been severed, and as a result of the district court's disposition of the Estate's
(Continued)

Cuffee's Estate noted a timely appeal, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Nat'l City Bank of Ind. v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civil Pro. 56(a).

## III.

The central issue Cuffee's Estate raises on appeal is whether the district court erred in holding that the record failed to establish a proximate casual link between Sheriff Newhart's alleged omissions in overseeing the Jail's contract with Wexford and Wexford employees' conduct that led to Cuffee's death.[3] It specifically contends that the record contains facts

claims against Sheriff Newhart, the district court also dismissed the third-party complaint as being moot.

[3] Cuffee's Estate also challenges the district court's exclusion of evidence the Estate claims supports a finding of Sheriff Newhart's deliberate indifference, and its conclusion (Continued)

6

on which a jury could have found the requisite causal connection. To support this argument, the Estate points to evidence showing that Wexford alerted Sheriff Newhart's designated officer of an immediate need for additional nursing staff at the Jail; Sheriff Newhart's internal 2005 audit recognized medical staffing shortages at the Jail; and the testimony of the Estate's expert witness, Dr. David Walthall Richardson, opining that Cuffee's death could have been avoided had she received earlier proper care each of the times she submitted a health services request form in the weeks prior to her death.

Although Cuffee's Estate brought three separate causes of action against Sheriff Newhart, the claims share the common element of causation. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994) (observing that a 42 U.S.C. § 1983 claim premised on a supervisor's deliberate indifference exists where a supervisor's "indifference or tacit authorization of subordinates' misconduct [is] a causative factor" in the

---

that Sheriff Newhart was entitled to qualified immunity against a claim of ordinary negligence. We need not address either argument given our agreement with the district court that all of the Estate's claims fail due to an absence of evidence of causation. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

7

plaintiff's injury); Stone v. Ethan Allen, Inc., 350 S.E.2d 629, 631 (Va. 1986) (stating that breach of contract requires, inter alia, "harm or damage to the plaintiff as a proximate consequence of the violation or breach") (quotation marks and citation omitted); Smith v. Prater, 146 S.E.2d 179, 182-83 (Va. 1966) (stating that gross negligence requires proof of causation). We have previously recognized that

> [a]lthough issues of causation are to be decided by the jury, whether the evidence is sufficient to create a jury issue is solely a question of law to be determined by the court. In diversity cases in which the sufficiency of the evidence to create a jury question is presented, this court resolves the issue based on the federal rule. That rule presents the question whether there is evidence on which a jury properly can base a verdict.

Charleston Area Med. Ctr., Inc. v. Blue Cross & Blue Shield Mut. of Ohio, Inc., 6 F.3d 243, 247 (4th Cir. 1993) (internal citations omitted). "Fair and proper adjudication of disputes . . . precludes jury consideration of a party's claim unless the party produces evidence demonstrating that claim to be at least a reasonable probability rather than merely one of several equally surmisable possibilities." Id.; see also Shaw, 13 F.3d at 799 (discussing an "affirmative causal link" necessary to survive summary judgment in the context of a § 1983 deliberate indifference claim).

Here, Cuffee's Estate relies on evidence it proffered that may have proven that Sheriff Newhart knew there were medical

8

staffing shortages at the Jail. But that evidence is not sufficient to survive summary judgment as it is not proof of the critical element of causation. Even assuming the Estate's evidence was sufficient to prove Sheriff Newhart's alleged omissions in overseeing the Jail's medical staffing, the Estate also had to provide evidence that Sheriff Newhart's acts led to Cuffee's death. The record lacks any evidence to show that the staffing shortages caused or otherwise contributed to Cuffee's death. A jury verdict that the two were related would be based on pure speculation rather than a legally sufficient showing of proximate cause, i.e., a supportable finding that Cuffee's death was a natural and foreseeable consequence of any omissions on Sheriff Newhart's part with respect to medical staffing shortages at the Jail. Cf. Charleston Area Med. Ctr., 6 F.3d at 247-48 (discussing speculative conclusions of causation as opposed to actual evidence thereof).

Having reviewed the evidence as well as the parties' arguments, we agree with the district court's conclusion that "there is nothing in the record to suggest that [Cuffee] was not correctly assessed or seen by a medical doctor because of the apparent staffing shortages of which Sheriff Newhart was allegedly deliberately indifferent. Consequently, in the absence of any such affirmative causal link, [the Estate's]" claims against Sheriff Newhart must fail. (J.A. 485.) Indeed,

9

as the district court aptly observed, the Estate's own expert witness, Dr. Richardson, testified as to the lack of any evidence making the requisite causal link:

Q    Do you have any facts that the reason that the [LPN] didn't provide [sic] Ms. Cuffee to a doctor or an RN was caused by nursing shortages?

A    No, I don't have any facts of that. My opinion is that the nurse should have done better, that nurse.

. . . .

Q    . . . The nurse could have made the decision not to present, say that she is not sick enough for an EKG and not told the doctor. To the best of your knowledge, you don't know why the nurse did what she did?

A    That's true.

Q    And it has no basis on whether there's a nursing shortage or not?

A    That is true.

(J.A. 485.) Cuffee's Estate cannot rise above its own evidence. See Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) ("A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [its] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. [N]either unsupported speculation, nor evidence that is merely colorable or not significantly probative will suffice . . . .") (internal quotation marks and citations omitted). Even

10

the Estate's own expert witness could not identify any reason to attribute Wexford's medical personnel's decisions regarding Cuffee's treatment to a medical staffing shortage at the Jail. None of the Estate's other evidence provides a "reasonable probability" that such a causal link exists either. Cf. Charleston Area Med. Ctr., Inc., 6 F.3d at 247. Because the record does not contain any evidence of causation, the Estate's claims each fail as a matter of law. See Celotex Corp., 477 U.S. at 322 (stating that summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

IV.

For the reasons set forth above and in the district court's opinion, we find no error in the district court's decision to grant summary judgment to Sheriff Newhart and dismiss this case. Accordingly, that judgment is

AFFIRMED.

11